Henry Epstein, J.
Two motions are before the court. Both are by defendants seeking summary judgment dismissing the complaint or in the alternative canceling the lis pendens filed by plaintiffs on August 2,1957 upon the furnishing of an undertaking pursuant to the provisions of chapter 876 of the Laws of 1957. There are two such motions on behalf of the several defendants. Plaintiffs oppose these motions and upon the argument before the court indicated a willingness to have posted a security of $50,000. Defendants indicated an inability to furnish security in excess of $25,000 to relieve the lis pendens. Both counsel agree that the court is called upon to construe and apply to the facts herein the provisions of section 124 of the Civil Practice Act as amended by chapter 876 of the Laws of 1957, effective September 1,1957.
*434 Defendant Blanche Zuckerman is the sole stockholder of 305 W 97th, Inc., the defendant corporation. Defendant Levine holds mortgages against the properties of defendant corporation. Defendant Pugatch claims to have entered into a preliminary written contract to purchase the properties from the corporate defendant and Blanche Zuckerman on July 19, 1957, and a formal contract on July 24,1957. He indicates a readiness to perform. Defendant Zuckerman on behalf of the corporate defendant on July 23, 1957 executed a written agreement to sell the same properties to plaintiff Bosenhaus. Plaintiff Bosen-haus and his coplaintiffs likewise indicate a desire to complete their purchase of the identical properties. Needless to say, defendant Zuckerman- acted without the advice or counsel of an attorney and no disclosure was made by her to either prospective purchaser. In so acting she has exposed her own and her corporation’s interests to the present jeopardy. Now she finds herself in trouble and in need of some relief. Her counsel believes that chapter 876 of the Laws of 1957 affords her an appropriate exit on furnishing of security to be fixed by the court. Plaintiffs argue to the contrary. This is probably a case of first impression in the application of the new provision, section 124 of the Civil Practice Act.
The court has carefully studied the provisions of the new enactment and the reports thereon of the Law Bevision Commission (N. Y. Legis. Doc., 1957, No. 65 [B]); the Judicial Conference (Second Annual Beport of N. Y. Judicial Conference, 1957, pp. 121-126); New York State Bar Association (Legis. Circular No. 115, p. 457, Legis. Circular No. 107, p. 426); Association of the Bar of the City of New York, Committee on State Legislation (Bulletin No. 6, Mar. 11, 1957, p. 309, Bulletin No. 8, April 15, 1957, p. 495) and the prior history of this enactment. The Law Bevision Commission’s analysis, that the Association of the Bar of the City of New York, and the statute itself lead to one definite conclusion, from which this court sees no escape.
The person filing the lis pendens may continue its effectiveness by maldng a deposit or giving an undertaking which the court may in its discretion require. That undertaking or deposit is the security which the property owner has in the event of the ultimate failure of the proceeding by the person so filing. If the one filing the notice "of pendency shall fail to make the said deposit or furnish the necessary undertaking, then the applicant for cancellation of the pendency notice may effectuate such relief by making a deposit or furnishing an undertaking as the court shall require.
*435 ‘ ‘ The order shall provide that upon failure of the person filing the notice of pendency to make a deposit of money or give an undertaking in accordance with the order, the notice of pen-dency shall be cancelled upon the deposit of money or the giving of an undertaking by the applicant, as provided therein.
“ Where the person who filed the notice of pendency has made a deposit of money or given an undertaking as provided in the order, application for award of the deposit may be made to the court, or action may be brought upon the undertaking without further leave of the court, upon the discontinuance or abatement of the action, or the cancellation of the notice of pendency because of the neglect of such person to proceed in the action, or upon final judgment against him. The damages sustained by reason of the fact that the notice of pendency was not cancelled shall be determined upon the application for award of the deposit or in the action brought upon the undertaking.” (Civ. Prac. Act, § 124, subd. 2 — in part.)
Following the directions of the statute and pursuant to the conditions revealed upon the argument by counsel, as well as the facts which seem relatively free from dispute, the court concludes that the notice of pendency shall be permitted to remain on condition that plaintiffs furnish a deposit or file an undertaking in the sum of $50,000 as security to indemnify defendants if ultimately the issues be found against plaintiffs. Such deposit or undertaking shall be made or filed within three days after service of the order to be entered herein. In the event that plaintiffs fail to make said deposit or give the said undertaking, then on the deposit of $25,000 or the filing of an undertaking in said sum by the defendant corporation it may have the notice of pendency cancelled. The issues of fact raised by the pleadings require a denial of the branch of the motion requesting summary judgment. Settle order embodying the terms above specified.