Robert Dosoher, J.
This is an application, brought in an action for specific performance of a contract to convey real property for summary judgment or, in the alternative for the posting of bonds in connection with the lis pendens.
So much of the motion as deals with summary judgment can be readily denied. There are issues of fact in the case that may not be determined until the trial.
The alternative relief requested presents a more serious problem. It was the law, prior to September 1, 1957, that a lis pendens in an action for specific performance of a contract to convey real property could not be discharged or cancelled by a deposit or undertaking (Bienstock v. Nista Constr. Co., 225 App. Div. 534). On September 1, 1957 chapter 876 of the Laws of 1957 became effective and changed the prior concepts. Presently, “whether or not the court determines that adequate relief can be secured [in an action for specific performance of a con *52 tract to convey real property] * * * by a deposit of money or the giving of an undertaking, the court may order that the notice be cancelled, upon the deposit of money or the giving of an undertaking ” (Civ. Prac. Act, § 124, subd. 2).
The case now before the court should be a classic example of when such relief should be granted. It involves a one-family dwelling in a development. Nothing in the papers shows this house to be extraordinary. Custom and precedent alone throw a mantle of uniqueness about this property; progress and today’s standards generally dictates that one development house is substantially as good as another in the same price range.
Pursuant to the provisions of subdivision 2 of section 124 of the Civil Practice Act, the plaintiff will be ordered to file within five days after the service of a copy of the order hereon, with notice of entry, a bond in the sum of $2,500 or deposit a like sum of money to indemnify the defendants for any and all damages that may be incurred if the notice of pendency is not cancelled. In the event of the failure of plaintiff to file such bond or deposit such money, defendants may have the notice of pendency can-celled by filing a bond in the sum of $5,000 or depositing a like sum to hold the plaintiff harmless for any damages he may sustain. Further, in accordance with the quoted section, either party may move to increase or decrease the amount of the bond or deposit.
Settle order on notice.