Abraham N. Geller, J.
This is an application to cancel a lis pendens by the giving of an undertaking. The parties entered into a contract by which plaintiff was to purchase defendant’s house for the price of $35,000. Plaintiff paid $3,500 upon the execution of the contract. At the closing a dispute developed concerning an encroachment.
Shortly thereafter plaintiff served a summons and complaint asking for the return of the $3,500 and seeking to impress a vendee’s lien therefor and also filed a notice of pendency with respect to such relief. Defendant, having vacated from the premises for the purpose of the sale to plaintiff and having allegedly entered into a contract to sell the house to another after plaintiff’s contemplated sale was not consummated, brought on this application to cancel by the giving of an undertaking on the basis of plaintiff’s demand for a money judgment of $3,500.
Plaintiff thereupon amended her complaint demanding specific performance, or in case it cannot be had, for judgment for $3,500 and expenses, amounting in all to $4,102. This was served as of right, being within the time limits of CPLR 3025, subd. (a). The notice of pendency was likewise amended.
Defendant contends that in serving the original complaint plaintiff elected to rely upon a rescission of the contract and recover back her down payment, whereas in the amended complaint for specific performance, she relied upon an affirmance of the contract; that such election was inconsistent and the latter claim was barred; and that it is the commencement of the action which constitutes the election, citing Vista Terrace Homes Corp. v. Villeneuve (133 N. Y. S. 2d 394). Plaintiff maintains that she has an absolute right to serve an amended complaint, which takes the place of the original complaint and the action then proceeds as if the original had not been served. The Vista Terrace case involved two separate actions, a somewhat different set of facts, and its rule may not be applied in view of the right given to a plaintiff to amend a complaint within certain time limits without leave of the court.
Defendant’s reply brief points out-that she is entitled to bond the lien even if the original complaint had demanded specific performance, citing CPLR 6515. Relief may under these circumstances be awarded pursuant to subdivision 2 of that provision.
Prior to September 1, 1957 a lis pendens in an action for specific performance could not be cancelled by a deposit or an undertaking. By virtue of the addition thereafter of subdivision 2 of section 124 of the Civil Practice Act (now incorporated
*1031 in CPLR 6515, subcl. 2), the court may order the notice in such an action cancelled upon defendant’s deposit or undertaking in an amount to be fixed by the court unless plaintiff shall make a deposit or give an undertaking to indemnify defendant for the damages which may ¡be incurred if the notice is not cancelled. Plaintiff thus is given the option to give the undertaking and retain the notice of pendency or to accept the undertaking given by defendant and have the notice cancelled. The court’s discretion in granting the order and in fixing the respective amounts of the undertakings is based upon the circumstances revealed in the pleadings, the acts of the parties, and the circumstances set forth in their affidavits; the court may take into consideration the question of good faith and probability of success as revealed in the papers submitted (see Rosenhaus v. 305 W. 97th, 8 Misc 2d 433; Kipp v. Hill Road Home Corp., 9 Misc 2d 51; Joseph A. Davis, Bldr., Inc. v. Muller, 206 N. Y. S. 2d 116; Dimond v. Jeanril Realty Corp., 217 N. Y. S. 2d 767).
The notice will accordingly be cancelled by an undertaking or deposit by defendant in the amount of $5,000 unless plaintiff, within three days after service of the order to be entered hereon with notice of entry, shall deposit or give an undertaking in the amount of $5,000 to indemnify defendant for any damages she may incur if the notice is not cancelled.