■ ROY RAVED, Appellant, v SUSAN RAVED et al., Respondents. — In an action to recover damages based upon abuse of process, plaintiff appeals from an order of the Supreme Court, Westchester County (Isseks, J.), dated January 25, 1984, which granted defendants' motion to dismiss the complaint for failure to state a cause of action.

Order affirmed, with costs.

Plaintiff commenced this action to recover damages for abuse of process against defendants, his former wife and her attorney. The process alleged to have been abused was a notice of pendency, filed upon property over which plaintiff claimed exclusive title. The present action stems from another action commenced by plaintiff for conversion of personal property in which defendant Raved counterclaimed for fraud, and imposition of a constructive trust and an equitable lien, and filed a notice of

pendency in connection with her counterclaims. Plaintiff alleged that this process had been employed solely for the purpose of harassing him, and that he suffered damages when he was prevented from consummating a sale of the property subject to the notice of pendency.

Even assuming the truth of the allegations set forth by plaintiff, a cause of action for abuse of process has not been sufficiently pleaded. Some irregular activity in the use of judicial process for a purpose not sanctioned by law must be alleged. Wrongful or malicious motive alone is not enough (see *Curiano v Suozzi,* 63 NY2d 113; *Bohm v Holzberg,* 47 AD2d 764). The ramifications of filing a notice of pendency in every instance will be to hinder prospective buyers from purchasing property that might ultimately be subject to a judgment. This would result regardless of the underlying motivation for utilizing the process. Plaintiff thus complains of the process itself rather than of its perversion by defendants. Any collateral advantage to be received by defendants could only be achieved if plaintiff succumbs to the natural pressures of regularly issued process. Defendants are utilizing legal procedure "in a manner consonant with the purpose for which that procedure was designed" (*Board of Educ. v Farmingdale Classroom Teachers Assn.,* 38 NY2d 397, 404), even though a more malevolent impulse may simultaneously be satisfied. Plaintiff has failed to allege facts sufficient to establish how this process was diverted from its lawful purpose. Therefore the order dismissing the complaint should be affirmed. Mangano, J. P., Gibbons, O'Connor and Lawrence, JJ., concur.