(April 6, 1987)

■ ALUMINUM MILL SUPPLY CORPORATION, Respondent, v EDWIN M. LARKIN et al., Appellants.—In an action, *inter alia,* to recover damages for abuse of process, the defendants appeal from so much of an order of the Supreme Court, Nassau County (Becker, J.), entered October 15, 1985, as denied that branch of their motion which was to dismiss the first cause of action asserted in the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the branch of the defendants' motion which was to dismiss the plaintiff's first cause of action is granted.

The cause of action to recover damages for abuse of process was not sufficiently supported by the plaintiff's allegation that the defendants' service of the summonses with notice upon the Secretary of State was calculated to deprive the plaintiff corporation of notice of the action and therefore to permit the defendant to obtain default judgments and serve restraining notices against the plaintiff's bank accounts without interference by the plaintiff. "Abuse of process has three essential elements: (1) regularly issued process * * * (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective" *(Curiano v Suozzi,* 63 NY2d 113, 116; *see, Board of Educ. v Farmingdale Classroom Teachers Assn.,* 38 NY2d 397, 403). Since "the institution of a civil action by summons and complaint is not legally considered process capable of being abused" *(see, Curiano v Suozzi, supra,* at 116; *Rebore v Pace,* 115 AD2d 468, 469), the service of the summonses in this instance did not constitute such "regularly issued process" as could be used "in a perverted manner to obtain a collateral objective" *(see, Curiano v Suozzi, supra,* at 116). Nor were the restraining notices shown by the allegations to have been used otherwise than "in a manner consonant with the purpose for which that procedure was designed" *(see, Board of Educ. v Farmingdale Classroom Teachers Assn., supra,* at 404; *Raved v Raved,* 105 AD2d 735, 736). Where the complaint fails to allege "[s]ome irregular activity in the use of judicial process for a purpose not sanctioned by law", the cause of action to recover damages for abuse of process must fall; an allegation that process was

properly employed with a malicious motive is not sufficient *(see, Raved v Raved, supra,* at 736).

Thus, even assuming the truth of the allegations set forth in the complaint, a cause of action to recover damages for abuse of process was not sufficiently pleaded. Bracken, J. P., Lawrence, Kunzeman and Spatt, JJ., concur.