# Andesco, Inc., Appellant, v Leslie M. Page, Respondent.

First Department, June 2, 1988

## APPEARANCES OF COUNSEL

*Glenn Backer* of counsel *(Dahan & Nowick,* attorneys), for appellant.

*Gregory E. Ronan* of counsel *(Robert M. Bursky* with him on the brief; *Max E. Greenberg, Cantor & Reiss,* attorneys), for respondent.

## OPINION OF THE COURT

SMITH, J.

This is an appeal from two orders of the Supreme Court concerning a building located at 72-74 Madison Avenue in New York County. The first order, dated December 30, 1986 and entered March 13, 1987, granted the motion of the defendant seller, Leslie Page, to cancel a notice of pendency unless the plaintiff purchaser, Andesco, Inc., filed an undertaking in the sum of one million dollars at or before 2:00 P.M. on December 30, 1986. Plaintiff filed the undertaking and appeals from that order.

In the second order, dated July 17 and entered July 29, 1987, the Supreme Court granted a further motion by the defendant seller to cancel plaintiff's notice of pendency upon

the posting by the defendant of an undertaking in the sum of $500,000. The July 29 order also denied partial summary judgment, as well as other relief requested by both parties. Plaintiff appeals from this order except from the denial of defendant's motion for summary judgment.

■■■ We reverse the March 13, 1987 order. We also modify the July 29, 1987 order to the extent of increasing the undertaking required of the defendant seller to $1,000,000, of permitting plaintiff purchaser to submit an undertaking of $2,500,000, of limiting the first counterclaim to the sum of $500,000 and of striking the second and third counterclaims for abuse of process and defamation, respectively.

On September 23, 1986 defendant, the owner of a building located at 72-74 Madison Avenue, and plaintiff purchaser Andesco, Inc., a New York corporation wholly owned by one Angelo Slabakis, entered into a contract for the sale of the building. The purchase price was $6,990,000 with a $500,000 down payment and a closing date of December 8, 1986. Paragraph 43 of the contract prohibited the purchaser from adjourning the closing date and provided that failure to close constituted a default if the seller was ready, willing and able to close. Specifically, paragraph 43 stated the following: "Purchaser shall not be permitted to adjourn closing and his failure to close as scheduled shall be deemed a default provided Seller is ready willing and able to close under the terms of this contract."

Paragraph 44 permitted the seller to retain the $500,000 down payment as liquidated damages upon the purchaser's default. Specifically, paragraph 44 stated the following: "In the event Purchasers *[sic]* default in performing the terms of this agreement on their part to be performed, in accordance with the terms and provisions of this contract of sale, Sellers may retain any and all monies paid by the Purchasers to the Seller or in escrow pursuant to this agreement as liquidated damages and in full settlement of any other claims for damages to Seller, and upon Seller retaining said monies this agreement shall become null and void and of no other force and effect, and thereupon each of the parties shall be deemed to be released by the other party or parties, and each of the parties shall have no further obligation to the other. The $500,000 deposit paid as liquidated damages to the Seller shall be the sole obligation of the Purchaser *[sic]*."

Paragraph 49 (1) of the contract further permitted the

purchaser to inspect the premises between the contract and closing dates. Specifically, paragraph 49 (1) stated the following: "Purchaser may inspect premises between contract and closing during normal business hours upon reasonable notice and shall not unreasonably interfere with Seller's operation of his business."

On December 8, 1986 the purchaser (plaintiff) canceled the closing. The defendant seller, by letter dated December 8, 1986, declared the purchaser in default and stated that the $500,000 was "deemed forfeited". On December 15, 1986 plaintiff filed a notice of pendency against the premises and, several days later, filed a complaint. The first cause of action sought specific performance of the contract, alleging that defendant failed to permit plaintiff to inspect the premises and denied plaintiff a reasonable adjournment of the closing. The second and third causes of action sought damages for the alleged breach of contract and the fourth sought return of the down payment. Defendant's answer asserted three affirmative defenses and three counterclaims. The affirmative defenses alleged respectively: (1) that the causes of action were barred by the contract of sale; (2) that plaintiff breached the contract when it failed to close on December 8; and (3) that the action was without merit and brought in bad faith. Defendant's counterclaims alleged breach of contract, abuse of process and defamation.

Having found another purchaser, defendant sought, by order to show cause, to cancel plaintiff's notice of pendency pursuant to CPLR 6515. The motion court (Justice Parness), in an order dated December 30, 1986 and entered March 13, 1987, granted the application to the extent of conditioning the continuance of the lis pendens upon plaintiff filing in proper form an undertaking in the amount of $1,000,000 on or before 2:00 P.M. on December 30, 1986. An undertaking in said sum was filed.

On January 8, 1987 the defendant served a notice of exception to the surety in the undertaking. On January 26, 1987 plaintiff moved for an order setting aside the exception to the surety. The motion was argued before the Supreme Court (Justice Andrew Tyler) on January 30, 1987. On or about February 10, 1987, plaintiff was informed by Justice Tyler's chambers that the motion to justify the surety was denied.

On February 12, 1987 plaintiff moved in this court for an interim stay pending appeal of the December 30, 1986 order.

An interim stay was granted pending a determination of the motion by a full Bench, the stay to be vacated upon the filing of an undertaking which was fixed by an appropriate Judge under CPLR 6515, but without prejudice to plaintiff's right to appeal separately from an order of the Supreme Court vacating the lis pendens upon the giving of such an undertaking.

On March 24, 1987, this court granted plaintiff's motion for a stay pending appeal on condition that plaintiff perfect the appeal for the September 1987 term and without prejudice to any proceeding by the defendant in the motion court pursuant to CPLR 6515.

The December 30, 1986 order, which was entered on March 13, 1987, improperly imposed an undertaking on the plaintiff only, whereas CPLR 6515 requires that the moving party, the defendant, post an undertaking. Specifically, CPLR 6515 reads as follows:

"In any action other than one to foreclose a mortgage or for partition or dower, the court, upon motion of any person aggrieved and upon such notice as it may require, may direct any county clerk to cancel a notice of pendency, upon such terms as are just, whether or not the judgment demanded would affect specific real property, *if the moving party shall give an undertaking in an amount to be fixed by the court,* and if:

"1. the court finds that adequate relief can be secured to the plaintiff by the giving of such an undertaking; or

"2. in such action, the plaintiff fails to give an undertaking, in an amount to be fixed by the court, that the plaintiff will indemnify the moving party for the damages that he may incur if the notice is not cancelled." (Emphasis supplied.)

The March 13, 1987 order must, therefore, be reversed.

By an order to show cause dated February 20, 1987, the defendant seller moved, pursuant to CPLR 6515 (1), to cancel the notice of pendency filed by the plaintiff upon the defendant giving an undertaking in an amount to be fixed by the court. In an affidavit accompanying the motion, the defendant stated that the undertaking given by the plaintiff, pursuant to the December 30, 1986 order of the Supreme Court, was a "bogus" undertaking in that plaintiff's president, Angelo Slabakis, did not own the property used as security for the undertaking. Plaintiff opposed the motion.

While the defendant's motion to cancel the notice of pendency was still pending, defendant moved for summary judg-

ment on its first counterclaim, which alleged breach of contract, and for dismissal of all four causes of action in the complaint. Plaintiff, by a notice of motion dated April 21, 1987, cross-moved for an order (1) granting partial summary judgment on the first cause of action compelling defendant to specifically perform the contract of sale; (2) striking the three affirmative defenses as insufficient as a matter of law; and (3) dismissing the three counterclaims as insufficient as a matter of law.

All of the motions were decided in a decision/order entered July 29, 1987. The court granted defendant's motion to cancel the notice of pendency on condition that defendant file a $500,000 undertaking and denied the motion and cross motion for partial summary judgment and other relief. This court granted a stay of the cancellation of the notice of pendency in an order dated August 24, 1987.

On this appeal, plaintiff argues that its motion for partial summary judgment compelling defendant seller to specifically perform the contract, striking the three affirmative defenses and dismissing the three counterclaims should have been granted. It further argues that the motion court erred when it granted defendant's motion to cancel the lis pendens on condition that defendant file an undertaking in the sum of $500,000.

■■ In arguing that the motion court should have granted its motion for summary judgment directing specific performance of the contract, plaintiff contends that defendant improperly denied it access to the premises prior to the closing date of December 8, 1986, a necessary step for it to secure financing for the sale. Defendant denies that access to the premises was limited and argues that, therefore, issues of fact exist concerning access. He contends, further, that plaintiff has an adequate remedy at law, i.e., money damages, and that plaintiff has made no showing that it would have been able to pay the purchase price at the closing. The motion court correctly determined that a question of fact exists as to whether plaintiff was denied access and whether the denial was a material breach of the contract. Plaintiff further bases its entitlement to summary judgment on defendant's refusal to grant its reasonable request for a 30-day adjournment. Specifically, plaintiff contends that it had a right to an adjournment since the contract did not state that time was of the essence. The argument fails as a careful reading of the contract reveals that time was of the essence. "It is fundamen-

tal that time is never of the essence * * * unless the contract specifically so provides or special circumstances surrounding its execution so require" *(Tarlo v Robinson,* 118 AD2d 561, 565 [2d Dept 1986]). In the case at bar, paragraph 43 clearly barred adjournment. Further, special circumstances existed in that, effective January 1, 1987, Federal capital gains taxes were to increase. It is thus clear that despite the absence of the words, time was of the essence.

▪ Turning to the affirmative defenses, the first, which contends that the causes of action were barred by the contract of sale, the second, which claims that plaintiff breached the contract when it failed to close on December 8, and the third, which alleges that plaintiff acted in bad faith in filing the notice of pendency, all raise questions of fact which must be determined at a trial.

▪ The motion court did not specifically address that branch of plaintiff's motion concerning the counterclaims. Plaintiff correctly argues that the first counterclaim, which seeks $7,000,000 for breach of contract, is barred by paragraph 44 of the contract which limits its liability to the $500,000 down payment.

▪ As to the second counterclaim, for abuse of process, the defendant has not pleaded the requisite elements for abuse of process and it must be dismissed. The second counterclaim alleges that plaintiff's filing of the notice of pendency and its failure or refusal to voluntarily cancel said notice constitute abuse of process. There are three essential elements of the tort of abuse of process. They are as follows: "First, there must be regularly issued process, civil or criminal, compelling the performance or forebearance of some prescribed act. Next, the person activating the process must be moved by a purpose to do harm without that which has been traditionally described as economic or social excuse or justification (cf. *James v Board of Educ. of Cent. School Dist. No. 1 of Towns of Orangetown & Clarkstown,* 37 NY2d 891). Lastly, defendant must be seeking some collateral advantage or corresponding detriment to the plaintiff which is outside the legitimate ends of the process." *(Board of Educ. v Farmingdale Classroom Teachers Assn.,* 38 NY2d 397, 403 [1975]; *see also, Curiano v Suozzi,* 63 NY2d 113 [1984]; *Raved v Raved,* 105 AD2d 735 [2d Dept 1984].)

In this action defendant has failed to allege any facts other than plaintiff's effort to stop the sale of the property, a

legitimate use of the notice of pendency. For example, in *Board of Educ. v Farmingdale Classroom Teachers Assn. (supra),* the Court of Appeals upheld a complaint by the Board of Education against a teachers' association that the association abused process in subpoenaing 87 teachers to appear at a hearing before the Public Employment Relations Board without staggering the appearances. Defendant has thus failed to allege facts sufficient to establish that process was diverted from its lawful purpose *(Raved v Raved,* 105 AD2d 735 [2d Dept 1984]). Rather, plaintiff has utilized the process in a manner consonant with the purpose for which it was designed, even though a malicious impulse may simultaneously have been satisfied *(Raved v Raved, supra; Board of Educ. v Farmingdale Classroom Teachers Assn.,* 38 NY2d 397, 404 [1974], *supra).* Further, the filing of a notice of pendency is not process "compelling the performance or forebearance of some prescribed act" *(Board of Educ. v Farmingdale Classroom Teachers Assn., supra,* at 403).

■ The third counterclaim for defamation makes the conclusory allegation that the "notice of pendency was false and defamatory." The absence of factual allegations to support the claim of defamation compels the dismissal of the third counterclaim.

Plaintiff buyer argues further that in this action for specific performance of a contract for real property, the motion court erred in canceling the lis pendens pursuant to CPLR 6515 (1), rather than continuing it upon plaintiff posting a bond pursuant to CPLR 6515 (2). The motion court relied entirely upon CPLR 6515 (1) in canceling the notice of pendency upon the defendant seller giving a bond in the sum of $500,000.

Although the language of CPLR 6515 makes both subdivisions applicable to actions where "the judgment demanded would affect specific real property," the preferred course in a claim for specific performance is the utilization of subdivision (2) by canceling the notice of pendency upon an undertaking by the defendant seller unless plaintiff buyer posts an undertaking which will indemnify defendant. *(See, Ansonia Realty Co. v Ansonia Assocs.,* 117 AD2d 527 [1st Dept 1986].) This "double bonding" choice is preferable even when plaintiff's likelihood of success is doubtful. *(See, Ansonia Realty Co. v Ansonia Assocs., supra.)*

■ Presently the $500,000 undertaking imposed upon the defendant by the July 29, 1987 order is inadequate to provide

plaintiff security. An undertaking of $1,000,000 will adequately indemnify plaintiff. There is an indication in the record that the appraised value of the property was $9,400,000 on November 24, 1986 while the purchase price was $6,990,000, a difference of $2,410,000. Similarly, an undertaking of $2.5 million, together with the $500,000 in escrow, will adequately indemnify defendant seller for increased capital gains taxes incurred after January 1, 1987, the cost of maintaining the nearly vacant building and the loss of interest on the $6.5 million contract price to the other prospective purchaser.

Therefore, the March 13, 1987 order should be reversed, on the law and the facts, without costs, because no obligation for a bond was placed on defendant seller. The July 29, 1987 order should be modified, on the law and the facts and in the exercise of discretion, to the extent of (1) granting defendant's motion to cancel the notice of pendency on condition that it post an undertaking of $1,000,000 within 30 days, unless plaintiff posts an undertaking of $2.5 million within the same 30-day period, which will continue the notice of pendency pending determination of the action; (2) granting plaintiff's motion for summary judgment to the extent of limiting the first counterclaim to $500,000 damages; and (3) dismissing the second and third counterclaims in their entirety, and otherwise affirmed, without costs.

SANDLER, J. P., CARRO and MILONAS, JJ., concur.

Order, Supreme Court, New York County, entered on March 13, 1987, unanimously reversed, on the law, on the facts, without costs and without disbursements, because no obligation for a bond was placed on defendant seller, and the order entered on July 29, 1987 from said court, is unanimously modified, on the law and facts and in the exercise of discretion, to the extent of (1) granting defendant's motion to cancel the notice of pendency on condition that it post an undertaking of $1,000,000 within 30 days, unless plaintiff posts an undertaking of $2.5 million within the same 30-day period, which will continue the notice of pendency pending determination of the action; (2) granting plaintiff's motion for summary judgment to the extent of limiting the first counterclaim to $500,000 damages; and (3) dismissing the second and third counterclaims in their entirety, and otherwise affirmed, without costs and without disbursements.