■ PATRICIA GRIFFIN et al., Appellants-Respondents, v KENNETH J. TEDALDI, Respondent-Appellant. (Action No. 1.) HOWARD J. DOUGLAS et al., Appellants, v KENNETH J. TEDALDI, Respondent. (Action No. 2.) [645 NYS2d 40]

We agree with the Supreme Court that the plaintiffs in Ac-

tion No. 1 stated a valid cause of action to recover damages for malicious prosecution *(see, Chappelle v Gross,* 26 AD2d 340). We also agree with the dismissal of the cause of action sounding in malicious prosecution in Action No. 2 because there was no interference with the person or property of the plaintiffs, or the limited partnership of which the plaintiffs were members, in that action *(see, Realty by Frank Kay v Majestic Farms Supply,* 160 AD2d 789; *Belsky v Lowenthal,* 62 AD2d 319, 321).

Further, in both Actions No. 1 and 2, the causes of action to recover damages for abuse of process were properly dismissed because the notice of pendency filed in a prior action commenced by Kenneth J. Tedaldi was not used in a perverted manner *(see, Andesco, Inc. v Page,* 137 AD2d 349; *Berman v Silver, Forrester & Schisano,* 156 AD2d 624; *Raved v Raved,* 105 AD2d 735), and the causes of action alleging *prima facie* tort were also properly dismissed because Tedaldi was not solely motivated by disinterested malevolence in the prior action *(see, Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 332; *Molinoff v Sassower,* 99 AD2d 528, 529; *see also, Curiano v Suozzi,* 63 NY2d 113, 117).

Finally, the causes of action alleging tortious interference with contractual relations in Action No. 2 were properly dismissed *(see, NBT Bancorp v Fleet/ Norstar Fin. Group,* 87 NY2d 614).

We have reviewed all of the parties' remaining contentions and find them to be without merit. Mangano, P. J., Sullivan, Altman and Hart, JJ., concur.