■ Edward M. Ward, III, et al., Respondents-Appellants, v Dennis Melis et al., Appellants-Respondents. [814 NYS2d 318]—

Rose, J. Cross appeals from a judgment of the Supreme Court (Ledina, J.), entered August 25, 2004 in Sullivan County, upon a decision of the court in favor of defendants.

Plaintiff Edward M. Ward, III (hereinafter plaintiff), a foundation contractor, entered into a contract to sell certain real property to defendants. The parties' sale contract included a provision that the purchase price of the property would be increased by an additional $5,000 if defendants did not hire plaintiff to build the foundation for the home which they planned on the property. Following a bizarre altercation between plaintiff and defendants' general contractor, Gary Knebel, a local court directed plaintiff and defendants to have no contact with each other. Because of this and plaintiff's ongoing harassment of them, defendants hired another contractor to build their foundation. Plaintiffs then commenced this action for money damages in the amount of the additional $5,000 provided in the contract and filed a notice of pendency. Defendants counterclaimed for abuse of process and successfully moved to cancel the notice. After a nonjury trial, Supreme Court dismissed the complaint, finding that plaintiff's conduct had prevented defendants from hiring him to build the foundation. The court also dismissed defendants' counterclaim, finding that the contract provided for a lien in the event of a breach, and that plaintiffs had shown reasonable justification for filing the notice of pendency in conjunction with their attempt to foreclose this contractual lien, while defendants had not proven the requisite intent. Plaintiffs and defendants cross-appeal.

Plaintiffs' contention that they are entitled to enforce the $5,000 lien on defendants' property is without merit, inasmuch as the record supports Supreme Court's finding that plaintiff's own conduct prevented defendants from hiring him to construct their foundation and, therefore, their failure to pay the additional $5,000 did not constitute a breach (*see Hidden Meadows Dev. Co. v Parmelee's Forest Prods.*, 289 AD2d 642, 644 [2001]; *A-1 Gen. Contr. v River Mkt. Commodities,* 212 AD2d 897, 900 [1995]).

We are also unpersuaded by defendants' contention that the trial testimony establishes their claim for abuse of process (*see generally Curiano v Suozzi,* 63 NY2d 113, 116 [1984]). Plaintiffs' notice of pendency was apparently cancelled because their action sought money damages for breach of contract rather than to foreclose a lien. However, because plaintiffs' complaint asserted that defendants had agreed to a lien to secure the $5,000 additional payment, and Lien Law § 17 contemplates the filing of a notice of pendency in an action to enforce a lien, the record supports Supreme Court's conclusion that plaintiffs' filing had "a reasonable excuse and justification." Thus, despite plaintiff's proven animosity toward defendants, Supreme Court properly determined that the notice of pendency was used in the manner for which it was designed and defendants failed to allege facts sufficient to establish that it was filed with malicious intent alone (*see Griffin v Tedaldi,* 228 AD2d 554, 555 [1996]; *Andesco, Inc. v Page,* 137 AD2d 349, 356-357 [1988]; *Raved v Raved,* 105 AD2d 735, 736 [1984]).

Mercure, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.