**PURCHASE REAL ESTATE GROUP, INC., Joseph LaManna, John DeBello, and Antonella DeBello, Plaintiffs,**

v.

**Stephen JONES, Nancy Armano, John Liscio, John Liscio Insurance Co., Robert DiDonato, Julia B. Fee Real Estate, Howard Ripps, Judicial Title Insurance Agency, LLC, Daniel Forbes, Dominick DeVito, Jr., Sherri DeVito, Dominick DeVito, Sr., Albert Tarantino, Lou Cardasco, The Crystal Restoration Corporation, Louis Cherico, Christian Zebicoff, The Johnson Family Trust, Jones Sledgwick & Nardone, P.C., and John and Jane Does 1–10, all being persons unknown, Defendants.**

No. 05 Civ. 10859(SCR).

United States District Court, S.D. New York.

June 1, 2007.

**346**

Lawrence Arthur Garvey, Cushner & Garvey, LLP, Tarrytown, NY, for Plaintiffs.

Jeanne Marie Valentine, Jonathan B. Bruno, Kaufman, Borgeest & Ryan, LLP, Edward Michael Kratt, Edward M. Kratt, Esq., Stephen Carson Cunningham, Lustig & Brown, LLP, Kathleen N. Massey, Dechert, LLP, George L. Santangelo, George L. Santangelo, Esq., Lawrence S. Goldman, Law Offices of Lawrence S. Goldman, Richard Benjamin Porter, Jr., Wilson Elser Moskowitz Edelman & Dicker LLP, New York City, Patrick Christopher Carroll, Penino & Moynihan, LLP, Fred David Weinstein, Kurzman Eisenberg Corbin Lever & Goodman, LLP, Eric G. Fendt, Cherico, Cherico & Associates, White Plains, NY, Kevin Brian Faga, Faga Savino, LLP, Bronx, NY, Thomas L. Kanasky, Jr., Attorney at Law, Bridgeport, CT, for Defendants.

### MEMORANDUM AND ORDER

ROBINSON, District Judge.

## I. Background

### A. Procedural history

Joseph LaManna (the "Plaintiff") filed a Notice of Pendency[1] with the County Clerk of Westchester County on June 21, 2006, pursuant to New York Civil Practice Law and Rules ("CPLR") § 6501, against the property of Louis Cherico ("Cherico") and Albert Tarantino ("Tarantino") (collectively the "Defendants"[2]) located at 3747 Purchase Street in Purchase, New York (the "Subject Property").[3] Defendants filed a motion to cancel the Notice of Pendency pursuant to CPLR § 6514; that motion was denied by this Court following oral argument on the motion on August 17, 2006. Thereafter, this Court granted the parties leave to file additional motions pursuant to CPLR § 6515 to present the issue of whether to allow for cancellation of the

---

1. A notice of pendency is a document filed by a plaintiff in an action that affects the title to, or the possession, use, or enjoyment of real property, *see* CPLR § 6501, "putting the world on notice of the plaintiff's potential rights in the action and thereby warning all comers that if they then buy the realty or lend on the strength of it or otherwise rely on the defendant's right, they do so subject to whatever the action may establish as the plaintiff's right." *Weiss v. Alard, LLC,* 150 F.Supp.2d 577, 579 n. 1 (S.D.N.Y.2001).

2. The instant dispute concerning the Notice of Pendency is one small part of the above-captioned civil lawsuit, which was filed on December 30, 2005. An amended complaint was filed on May 16, 2006. Numerous defendants in the overall matter, including Cherico, have filed motions to dismiss the Amended Complaint; those motions are still pending before this Court.

3. The Subject Property is identified in Westchester County records as Section 6, Block 671, Lot 23.

Notice of Pendency upon posting of one or more undertakings by the parties.

## B. Facts

The facts necessary for an understanding of this Order are a small part of a far more elaborate and complex set of circumstances involving numerous parties. For purposes of this Order, this Court will provide only a cursory summary of the facts that relate specifically to the Subject Property.

According to Plaintiff's Amended Complaint, on January 6, 2003, Plaintiff, with the assistance of Defendant Cherico, who, at or around that time, was acting as Plaintiff's attorney, purchased real property located at 3801 Purchase Street in Purchase, New York. At that time and for a lengthy period of time thereafter, Plaintiff believed, based on the alleged representations of Defendant Cherico and other defendants in this action, that he had purchased an undivided parcel of land that stretched for approximately 4.5 acres. Instead, according to Plaintiff's allegations, he later learned that on November 7, 2002—prior to Plaintiff's purchase of the 3801 Purchase Street property—Defendant Cherico was directly involved in the conveyance of the Subject Property to Defendant Tarantino.[4] Plaintiff thus discovered that instead of owning an undivided 4.5–acre parcel of undeveloped land, he actually only controlled a property that was approximately half that size and with substantially less value than he originally believed. In sum, Plaintiff believes that he is the rightful owner of the Subject Property, and believes that Plaintiffs in this

action "are entitled to a decree of specific performance directly relating to the title to [the Subject Property] and that this title [should] be placed and conveyed to Plaintiff." Pl. Am. Comp. at ¶ 276.

Without belaboring the details, it is sufficient for the purposes of this Order to say that Defendants offer a dramatically different explanation for the series of transactions in 2002 and 2003 related to the properties located 3801 and 3747 Purchase Street. From Defendants' vantage point, Plaintiff was never an owner of the Subject Property, and the title report he received in connection with 3801 Purchase Street did not include the Subject Property. According to Defendants, in January 2005, they obtained a loan in the amount of $2.3 million to finance construction of a residence on the Subject Property, and in order to begin repayment on that loan, Defendants must sell the Subject Property. Defendants insist that they have located a buyer willing to purchase the Subject Property for $5 million.

## II. Analysis

### A. CPLR § 6515

New York law provides that a court may cancel a Notice of Pendency "upon motion of any person aggrieved ... if the moving party shall give an undertaking in an amount to be fixed by the court, and if: (1) the court finds that adequate relief can be secured to the plaintiff by the giving of such an undertaking; or (2) in such action, the plaintiff fails to give an undertaking, in an amount to be fixed by the court, that the plaintiff will indemnify the moving par-

---

4. According to Plaintiff, Tarantino and Cherico now own the Subject Property as tenants in common. Further, there is no dispute that while the Subject Property was vacant at the time Plaintiff believed he purchased it, the Subject Property now contains a recently-constructed house. The construction costs for the house were paid exclusively by Defendants. Plaintiff does allege that he made certain improvements on the entire 4.5–acre parcel he believed he owned, but he does not contest the fact that he was not directly involved in the construction of the house.

ty for the damages that he or she may incur if the notice is not cancelled." CPLR § 6515. It is clear from the express language of the statute that relief under § 6515 is available to defendants in suits where the plaintiff is seeking specific performance.

■ The determination of whether to cancel a notice of pendency under § 6515 is a matter entirely within the discretion of the court. *See 5303 Realty Corp. v. O & Y Equity Corp.*, 64 N.Y.2d 313, 486 N.Y.S.2d 877, 476 N.E.2d 276, 280–81 (1984). Though the New York Court of Appeals has not issued a definitive statement on this issue, certain New York State courts have held that it is appropriate for courts to consider, among other things, the merits of the plaintiff's lawsuit and the plaintiff's likelihood of success in considering whether to permit a notice of pendency to be cancelled via one or more undertakings. *See Weiss*, 150 F.Supp.2d at 583; *Weksler v. Yaffe*, 129 Misc.2d 633, 493 N.Y.S.2d 682, 686 (N.Y.Sup.Ct.1985); *Ronga v. Alpern*, 45 Misc.2d 1029, 258 N.Y.S.2d 731 (N.Y.Sup.Ct.1964).

■ District Courts in this Circuit have held that the "double bonding" approach outlined in section two of the statute is the preferred course of action where, as here, the plaintiff has made a claim for specific performance. *See Weiss*, 150 F.Supp.2d at 583 (citing *Andesco, Inc. v. Page*, 137 A.D.2d 349, 357, 530 N.Y.S.2d 111 (N.Y.App.Div.1988)). Thus, if the court determines that plaintiff can be guaranteed adequate relief through the posting of a bond by the defendant, the court can cancel the notice of pendency upon positing of such bond by the defendant unless plaintiff posts an undertaking that will indemnify the defendant for any damages flowing from the notice of pendency. *Id.* This procedure is "preferable even when plaintiff's likelihood of success is doubtful."

*Id.* It is within the discretion of this Court to determine the amount of the undertaking that each party must post in order to cancel or preserve the notice of pendency, and the amount of such undertakings need not be the same.

**B. Defendant's application**

Defendant Cherico argues in his supporting papers that the Notice of Pendency protects only a negligible interest in the Subject Property. He maintains that Plaintiff is highly unlikely to succeed on his claim for specific performance of that parcel of land, given the development that has taken place on the Subject Property since Plaintiff allegedly purchased it in 2003, and given that Plaintiff could be adequately compensated through an award of money damages. Meanwhile, Defendant claims that the continuation of the Notice of Pendency presents a significant financial detriment to him, in part because cannot effectuate a potential sale of the property, and without such sale cannot properly repay loans he took to build the house on the Subject Property. In paragraph 22 of his Affidavit, Cherico even suggests that if he cannot sell the property, he is at risk of foreclosure.

**C. Application of CPLR § 6515**

■ In light of the arguments presented by the parties, it is this Court's view that the appropriate remedy here is to allow for cancellation of the Notice of Pendency though the "double bonding" procedure of CPLR § 6515(2). Defendant is right to point out that Plaintiff has only a small likelihood of success on the merits of his specific performance claim for the Subject Property, and is also correct that damages may be a sufficient remedy for Plaintiff as to this part of his multi-faceted lawsuit. This motion, however, is not a dispositive one, and while the Court will

take these considerations into account in setting the amount of the respective undertakings, the issue of Plaintiff's limited likelihood of success will not prevent this Court from ordering Defendants to properly secure Plaintiffs interest in the Subject Property. Accordingly, the proper course of action is to require more than a nominal bond from each party so as to properly secure the rights of all parties associated with this matter.

### D. Bond amounts

Neither party provides more than conclusory statements about the appropriate amounts at which the Court should set the respective undertakings in this matter, despite this Court's specific direction to the parties to provide such information. Defendant Cherico asserts that Plaintiff's bond should be fixed at $5 million, the amount for which he allegedly has contracted to sell the Subject Property, and that Defendants' bond should be set at $500, which represents Defendants' view as to the maximum value of Plaintiff's interest in the Subject Property. Plaintiff requests that no undertaking be assessed by the Court at this time, in part because of the lack of available information; alternatively, Plaintiff requests that Defendants post a $5 million undertaking, but at no point puts forth any suggestion of what bond amount would be appropriate to demand from Plaintiff in order to properly indemnify Defendants against the risk of continued losses occasioned by the Notice of Pendency.

Defendants offer no evidence, other than Cherico's own representation, that they have entered into any sort of formal agreement to sell the Subject Property; they also offer no independent evidence of their assertion that the property will be subject to foreclosure if they do not complete the presently contemplated sale. Accordingly, there is no way for this Court to be certain that a $5 million sale is actually imminent, or that if that sale were not consummated, Defendants would not be able to sell the Subject Property to a different buyer. Finally, as Plaintiff notes, all of the legal filings and arguments with respect to this property have been made by and on behalf of Defendant Cherico; as of this date, Defendant Tarantino has yet to participate in any way in the lawsuit as a whole. Therefore, it is noteworthy and problematic that Defendant Cherico has not specified his particular interest in the Subject Property, as opposed to the joint interest of both Defendants. In sum, while there is no question that "as long as the notice of pendency prevents defendant from selling the property, [defendant] is required to pay the costs of maintaining the property and to pay real estate taxes, and it is deprived of the use of money it would have received as proceeds from the sale," *Esposito v. Fed. Deposit Ins. Corp.*, 644 F.Supp. 276, 277 (E.D.N.Y.1986), Defendants' requested $5 million bond is too high.

Meanwhile, Plaintiff relies on *Weiss* to reach his conclusion that Defendants should be required to post a $5 million undertaking, because in that case the defendant was required to post a bond equal to the benefit of the bargain of a contract between the parties. *See Weiss*, 150 F.Supp.2d at 584. To apply that logic to the case bar makes little sense, as Plaintiff certainly does not have any current or potential contractual relationship with Defendant. As such, Plaintiff's request for a $5 million undertaking is also too high.

Given the paucity of information supplied by the parties, this Court is left to assess the proper amount of the undertakings on its own. Both parties have legitimate claims of potential harm-Defendant stands to suffer hardships if the Notice of

Pendency is maintained, and Plaintiff could suffer if the Notice of Pendency is cancelled. On balance, however, it is this Court's view that Defendants face a far greater risk at this point in time, and as a result, the balance of the undertakings should be set in such a way as to place a greater burden on Plaintiff to maintain the status quo.

Accordingly, Defendants shall be required to post an undertaking of $500,000 within 10 days of the date of this Order; this figure represents a substantial sum of money to protect Plaintiff's interests, even though it is only one-tenth of the amount Plaintiff suggested Defendants should post. Defendants' recommendation of a nominal $500 bond for themselves is untenable; this Court denied Defendants' original motion to cancel the Notice of Pendency after oral argument, and will not effectively undercut that determination by requiring a miniscule bonding amount from Defendants at this stage.

If Defendants timely post their undertaking, Plaintiff shall be required to post an undertaking of $2,500,000 to maintain the Notice of Pendency—this amount shall be sufficient to indemnify Defendants for any damages flowing from the continuation of the Notice of Pendency. Though it only represents one-half of the bonding amount sought by Defendants, it is this Court's view that Defendants did not present sufficient information to justify their request for a $5 million undertaking from Plaintiff. The Court did take into account the risks presented by Defendants' purported loan obligations and their alleged agreement to sell the Subject Property, as well as the costs involved with the continued upkeep and maintenance of the Subject Property as long as the sale cannot be completed. It was also necessary to consider the conspicuous absence of Defendant Tarantino from this and all other proceedings in this lawsuit. Plaintiff's request that no bond be required of him is simply unrealistic given the difficulty he will have in obtaining specific performance of the Subject Property and the uncontroverted financial predicaments raised by Defendants in their motion papers. In order to maintain the Notice of Pendency, Plaintiff must post its bond after Defendants have posted their undertaking, but in no event later than 20 days from the date of this Order.

## III. Conclusion

Pursuant to CPLR § 6515, the Notice of Pendency entered against the Subject Property (Westchester County, Section 6, Block 671, Lot 23), shall be cancelled if the following conditions occur:

1. First, within 10 days from the date of this order, Defendants post a bond in the amount of $500,000 to guarantee adequate relief to Plaintiff if he should succeed on the merits of his lawsuit.

2. Once the first condition has been met, and no later than 20 days from the date of this order, Plaintiff shall *fail* to post a bond in the amount of $2,500,000 to indemnify Defendants for any damages flowing from the continuation of the Notice of Pendency.

If either of these two conditions does not occur—that is, if Defendants do not timely post a bond in the amount specified above, or if Plaintiff *does* timely post the specified indemnification bond—the Notice of Pendency shall remain in effect.

IT IS SO ORDERED.