■ Kristin Dupree, Appellant, v Oliver Raymond Voorhees III, Defendant, and Karyn A. Villar et al., Respondents. [891 NYS2d 124]—

Based upon events which occurred in an underlying divorce

action, the plaintiff commenced this action against her former attorney, Oliver Raymond Voorhees III, her former husband's attorney, Karyn A. Villar, and Villar's law partner, Dorothy A. Courten. As is relevant to this appeal, the third cause of action sought damages for abuse of process against Villar and Courten, alleging that Villar made certain misrepresentations in applying for a receivership order in the underlying action. In the fourth cause of action, the plaintiff seeks treble damages against Villar and Courten under Judiciary Law § 487, alleging that Villar intended to deceive the court in connection with a receivership application. The complaint further alleged that because Courten and Villar were partners in the same law firm, Courten was vicariously liable for the damages the plaintiff sustained as a result of Villar's alleged wrongdoing.

Villar and Courten moved to dismiss the complaint insofar as asserted against them, in effect, pursuant to CPLR 3211 (a) (7). The court granted Villar and Courten's motion. The plaintiff thereafter moved, inter alia, for leave to renew. The court determined that a subsequent decision of the Court of Appeals in *Amalfitano v Rosenberg* (12 NY3d 8 [2009]) provided a reason for granting renewal, and, upon renewal, to deny that branch of the motion which was to dismiss the complaint as against Villar with respect to the Judiciary Law § 487 cause of action. The court, however, denied the plaintiff relief with respect to the Judiciary Law § 487 cause of action against Courten, noting that Judiciary Law § 487 is rooted in the criminal law and that it would be inconsistent with this history and the statute itself to hold a second attorney responsible for the deceit of another unless the attorney participated in or ratified the wrongdoer's actions. We disagree.

Partnership Law § 24 provides that "[w]here, by *any wrongful act* or omission of any partner acting in the ordinary course of the business of the partnership, or with the authority of his copartners, loss or injury is caused to any person, not being a partner in the partnership, or any penalty is incurred, the partnership is liable therefor to the same extent as the partner so acting or omitting to act" (Partnership Law § 24 [emphasis added]). Partnership Law § 26 (a) (1) provides that "[a]ll partners are liable . . . [j]ointly and severally for everything chargeable to the partnership under section[ ] twenty-four." The pivotal test for liability in this regard is whether the wrong was committed on behalf of and within the reasonable scope of the partnership business, not whether the wrongful act was criminal in nature, or whether the other partners condoned the offending partner's actions (*see Rudow v City of New York,* 642

F Supp 1456 [1986], *affd* 822 F2d 324 [1987]; *Muka v Williamson,* 53 AD2d 950 [1976]; *see also Clients' Sec. Fund of State of N.Y. v Grandeau,* 72 NY2d 62 [1988]). Therefore, the Supreme Court erred in adhering to the determination in the order dated May 1, 2008, dismissing the Judiciary Law § 487 cause of action against Courten.

However, the Supreme Court correctly dismissed the third cause of action seeking damages for abuse of process against both Villar and Courten. Where process is used for the purpose for which it was intended, a cause of action to recover damages for abuse of process does not lie (*see Curiano v Suozzi,* 63 NY2d 113, 117 [1984]; *Aluminum Mill Supply Corp. v Larkin,* 129 AD2d 542 [1987]; *Raved v Raved,* 105 AD2d 735, 736 [1984]).

The plaintiff's remaining contentions are without merit or have been rendered academic in light of our determination. Skelos, J.P., Eng, Leventhal and Chambers, JJ., concur.