Hakmon v 244 E. 48th St. Dev., LLC (2020 NY Slip Op 06393)





Hakmon v 244 E. 48th St. Dev., LLC


2020 NY Slip Op 06393


Decided on November 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 10, 2020

Before: Friedman, J.P., Renwick, Oing, Mendez, JJ. 


Index No. 156222/18 Appeal No. 12326-12326A Case No. 2020-01245(1) 

[*1]Sharon Hakmon, Plaintiff-Respondent,
v
244 East 48th Street Development, LLC, et al., Defendants-Appellants.


Berliner & Pilson, Great Neck (Richard J. Pilson of counsel), for appellants.
Ginsburg & Misk, LLP, Queens Village (Christopher Ryan Clarke of counsel), for respondent.



Order, Supreme Court, New York County (Tanya R. Kennedy, J.), entered January 13, 2020, which denied defendants' motion to cancel the notice of pendency on the premises without prejudice to a motion for leave to renew, unanimously affirmed, with costs. Order, same court and Justice, entered January 30, 2020, which denied defendants' motion for leave to renew their motion to cancel the notice of pendency, unanimously reversed, on the law, with costs, the motion granted, and upon renewal, the Clerk is directed to cancel the notice of pendency if defendants post an undertaking in the amount of $1,826,000 within 30 days unless thereafter plaintiff posts an undertaking in the amount of $1,162,307.40 within an additional 15 days.
In the case at bar, plaintiff is not seeking a money judgment, but rather seeks title to property pursuant to an alleged personal right of first refusal to purchase the premises. Accordingly, utilization of CPLR 6515(2) is the preferred course under which to proceed (see Ansonia Realty Co. v Ansonia Assoc ., 117 A.D.2d 527 [1st Dept 1986]). Subdivision two of this statute has been described as a "double bonding" approach, in which "the court can cancel the notice of pendency upon posting of [a] bond by the defendant unless plaintiff posts an undertaking that will indemnify the defendant for any damages flowing from the notice of pendency" (see Purchase Real Estate Group, Inc. v Jones , 489 F Supp 2d 345, 348 [SD NY 2007], citing Andesco, Inc. v Page , 137 AD2d 349, 357 [1st Dept 1988] ).
Preliminarily, we hold that the motion court providently exercised its discretion when it denied defendants' motion to cancel the notice of pendency with leave to renew. Because defendants failed to establish the value of the premises, the court had insufficient information with which to calculate plaintiff's alleged damages and set the amount of defendants' undertaking.
However, ultimately, the motion court improvidently exercised its discretion when it denied defendants' motion for leave to renew their motion to cancel the notice of pendency. Defendants established the value of the premises through the affidavit of their real estate broker who provided background on the marketing of the premises and opined that a $8.05 million offer represented fair market value. Plaintiff's argument that the premises may be worth more is speculative. It was undisputed that defendants purchased the property for $4.235 million. Defendants' failure to support their claimed contributions above the purchase price as well as the closing costs should not have stopped the court from fixing the amounts of the undertakings.
We find that an undertaking by defendants of $1,826,000 is adequate to secure plaintiff's interests. We arrived at the amount by subtracting the purchase price from the value, dividing that amount by three and then adding one-third of the rent proceeds as well as plaintiff's claimed contribution. We also find that an undertaking of $1,162,307.40 by plaintiff is adequate to secure defendants' interests. That amount is based on defendants' own calculation of the net profit from the anticipated sale of the premises. Accordingly, if defendants post an undertaking in the amount of $1,826,000, the notice of pendency will be canceled unless plaintiff posts a bond in the amount of $1,162,307.40.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 10, 2020