M. Henry Martuscello, J.
Defendant Stavid Realty Corp., hereinafter referred to as Stavid, moves to cancel, upon the furnishing of a bond, notices of pendency of action filed against its property.
The amended complaint herein alleges that the plaintiff and the defendants Bernard Berfond and Joseph Rae entered into an agreement of joint ventureship to assemble and to sell all the lots and parcels of land, as they could, lying in section 24 of the Tax Map of Brooklyn (corresponds to section 24 of the Land Map of Kings County) and its environs, with plaintiff’s interest therein being an undivided 25%; and that in pursuance of said agreement Berfond and Rae acquired title to a large number of lots in said section 24 and its environs for said joint ventureship with funds, in part, of the plaintiff. Annexed to the complaint and made a part thereof is Schedule A, containing a number of designated lots, which, it is alleged, were acquired for the benefit of the ventureship and wherein plaintiff has an interest to the extent mentioned above. It is also alleged that Berfond and Rae, either alone, or with others, sold some of the lots acquired for an unknown consideration, which was in turn used by them for the acquisition of other lots in or about section 24 or its environs, and that the exact lots thus acquired are presently unknown to the plaintiff. The complaint prays that a trust be impressed upon the lots set forth in Schedule A and for an accounting. Plaintiff filed three notices of pendency of action herein. The answer is a general denial and an affirmative defense of the Statute of Frauds.
On the hearing of the motion the court granted an extension of time for plaintiff to file an affidavit in opposition thereto and to defendant Stavid to reply to such affidavit. Other motions in connection with this action or other actions between the parties, or some of them, were heard at about the same time and the court, upon being informed of the recent substitution of attorneys for movant, gave permission to the substituted attorneys to submit additional papers in connection with motions then pending, including the instant one. Plaintiff objects to the filing of papers in support of the motion at this late date, but has shown no prejudice by reason of such delay. After a conference held with the attorneys, the court indicated that defendant’s late papers would be considered and granted plaintiff leave to file answering affidavits thereto, which has been done.
*528 Defendant Bernard Berfond is the president of defendant Stavid. Stavid is erecting a seven-story apartment building on a site comprising parts of lots 38 and of 133, and lots 46 and 49 in toto, all of which are situated in section 22 of the Land Map of Kings County and against which have been filed the aforementioned notices of pendency of action. Stavid seeks to cancel said notices only so far as same affect the apartment site, which is described in the moving papers by metes and bounds.
Section 124 of the Civil Practice Act provides for the cancellation of a lis pendens upon the deposit of money or the giving of an undertaking where it appears that adequate relief can be secured thereby; and in connection therewith the court may consider the merits, the good faith of the plaintiff and the possibility of his being successful on the facts presented to the court (Deitch v. Atlas, 132 N. Y. S. 2d 806).
The complaint herein refers throughout to lots in section 24 and its environs; and it appears that plaintiff relies upon several writings as evidencing the agreement of joint ventureship, which writings significantly refer to land located in section 24. Yet, Schedule A, above referred to, designates lots 38 and 133 as being lots acquired for the benefit of the ventureship, notwithstanding that they are not located in section 24.
At common law and in equity it was requisite to a lis pendens that the property involved be described in the complaint in such particulars as to permit its identification (14 Carmody-Wait, New York Practice § 28, p. 56). The last lis pendens herein was filed against lots 46 and 49 even though said lots are not identified directly or otherwise with said ventureship in any part of the complaint or the schedule annexed thereto. The only possible theory upon which same might be included would be that funds derived from the sale of lots in section 24 were used to purchase lots in section 22, but the complaint limits the lots acquired with such funds to section "24 and its environs and alleges that same are presently unknown to the plaintiff.
All of the aforesaid four lots can scarcely be considered as being in or about section 24 and its environs since their location is four miles distant from section 24 at its closest point and interposed between the two sections are sections 23 and 25.
It is not alleged in the complaint that plaintiff was under any obligation to invest in the alleged joint venture; and although it is alleged that the lots in question were paid in part with his funds, it appears that plaintiff has no personal investment therein as his claim is based on a contribution of $1,386.15 to the ventureship by a corporation, not a party to this action, but the stock of which is owned by him.
*529 Defendant Stavid has submitted an appraisal showing that the land value of its apartment site is $58,000. It appears that said land is subject to purchase-money mortgages totalling $40,700. The apartment building, when completed, will occupy about 9,500 square feet of a total area of 15,200 square feet, said total area comprising a small part of lot 133, about %ths of lot 38, and all of lots 46 and 49, which latter lots consist of 10,000 square feet. The building construction has now reached a point where brick work is being completed for the third floor. It is estimated that Stavid’s equity in the building, when fully completed, will be about $100,000. Presently said owner is about to receive an advance on a building loan in the sum of $130,000 and has already borrowed an additional $75,000 to help finance its building construction. The latter sum, together with $100,000 of the aforesaid advance, has been or will be used to take care of contractors, workmen and supply men. Unless the Us pendens is removed, the afore-mentioned advance will not be made and there will result a suspension of construction work and of furnishing of materials.
Plaintiff urges that if a bond is to be furnished, it be in a sum not less than $115,000, the basis for which is pure conjecture. After reading the voluminous affidavits and memoranda and the verified pleadings, I am of the opinion that plaintiff will be adequately protected by the furnishing of a bond to be approved by the court in the sum of $15,000.
Stavid requests that if the motion is granted the order to be entered should provide, as an alternative, that the plaintiff may continue his Us pendens by furnishing a bond, pursuant to subdivision 2 of section 124 of the Civil Practice Act, claiming that this action, although to impress a trust, is in the nature of an action for specific performance of a contract to convey real property, on the basis of certain phases of the demand for relief herein. I am of the opinion that subdivision 2 applies to the conventional action of specific performance of a contract to convey property; and that inasmuch as the nature of this action must be determined by the allegations of the complaint and not by the demand for relief, it does not come within the purview of said section.
Motion granted as prayed for. Settle order on one day’s notice.