■ ANSONIA REALTY Co., Appellant, v ANSONIA ASSOCIATES, Respondent, et al., Defendant.—Order, Supreme Court, New York County (George Bundy Smith, J.), entered October 3, 1985, granting defendant-respondent's motion to cancel a notice of pendency on condition that it post an undertaking in the sum of $2,500,000 within 30 days, unless plaintiff were to post a bond in the sum of $38,500,000 within the same 30-day period, unanimously modified, on the law and the facts and in the exercise of discretion, to fix plaintiff's undertaking at $4,000,000, and, except as thus modified, affirmed, without costs or disbursements.

We agree with Special Term's assessment that plaintiff's likelihood of success with respect to its cause of action for specific performance, upon which the notice of pendency is based, is doubtful. In this regard, plaintiff's pivotal allegation is that defendant failed to obtain HUD's written approval of the transfer of the property, as required by the contract of sale. In fact, however, HUD, by letter of February 13, 1985, granted its preliminary approval, subject to compliance with certain conditions, consisting in the main of requests for documentation. It is clear from the applicable HUD regulations that this preliminary written approval is the only type of approval available prior to closing. Thus, cancellation of the notice of pendency was warranted. Furthermore, the requirement of the posting of a $2,500,000 undertaking by defendant as a condition thereto was appropriate since this amount is commensurate with plaintiff's damages to date. The undertak-

ing imposed upon plaintiff as a condition to retention of the notice of pendency, $38,500,000, representing the balance of the purchase price, is, however, totally disproportionate to any damages which defendant may suffer as a result of the continuance of the notice. In our view, an undertaking in the sum of $4,000,000 would be adequate to secure defendant in this regard pending final determination of plaintiff's claim for specific performance should plaintiff opt to retain the notice.

We modify accordingly. Concur—Kupferman, J. P., Sullivan, Ross, Carro and Kassal, JJ.