*518 OPINION OF THE COURT
Jack Turret, J.
May this court on a motion to file an undertaking for cancellation of a notice of pendency of action consider the likelihood of success of the action on the merits?
Defendants, Loew’s Theatres and Realty Corp. and Gerard Theatres, Inc. (hereinafter known as Loew’s), have moved for permission to file an undertaking for the cancellation of a notice of pendency (CPLR 6515) filed by the plaintiff, Pix Furniture, Inc. (hereinafter known as Pix). The notice of pendency relates to real property occupied in part by Pix for commercial purposes as a lessee. The property known as the Loew’s Paradise Theatre is situated on the Grand Concourse in Bronx County.
Pix became lessee under an original lease dated September 16, 1968. Thereafter, the tenancy has been extended by written agreement. The last of these extensions was by written agreement dated August 9, 1984. The lease and each extension provided for cancellation of the tenancy upon 90 days’ written notice in the event of sale of the property to a bona fide purchaser.
Loew’s entered into a stock purchase agreement dated September 5, 1985 with a purchaser. The agreement calls for conveyance of the fee title to the Grand Concourse real property at the closing. On February 13, 1986, the date of the closing, a title search revealed this notice of pendency filed by the plaintiff grounded on a summons dated February 10, 1986 and a complaint dated February 11, 1986.
The complaint alleges there was an oral agreement between Pix-tenant and Loew’s-landlord allegedly made in the "summer” of 1984. Pix avers Loew’s agreed not to sell the property and to amend the lease accordingly in consideration for Fix’s making certain alterations of the premises. These alterations to the front and interior of the premises cost Pix $100,000.
Pix in its action seeks:
a) to set aside the extension of the lease dated August 9, 1984, or
b) cancellation of part 26* of the extension, or
c) an award of damages in the sum of $250,000.
This action and the attendant notice of pendency has fore *519 stalled Loew’s sale of this property. Under certain circumstances the filing of a notice of pendency by a tenant is appropriate to protect his possessory rights (see, 220 E. 56th St. Corp. v Excelsior Sav. Bank, 253 App Div 345). Should the instant notice of pendency stand, the landlord would effectively be precluded from selling this property pending the outcome of this action.
In 5303 Realty v O & Y Equity Corp. (64 NY2d 313, 315) the Court of Appeals noted "[t]he powerful impact that this device [notice of pendency] has on the alienability of property [and] the facility with which it may be obtained”. 5303 Realty (supra) dealt with a simple motion to cancel a notice of pendency (CPLR 6514). The court held, when dealing with such a motion, the likelihood of success of the action on the merits is irrelevant. This was a reaffirmation of the circumscribed view as it existed under the law’s predecessor statute (Civ Prac Act § 120).
This was not the law with regard to a motion to file an undertaking for cancellation under the former statute. (Civ Prac Act § 124.) The court in Deitch v Atlas (132 NYS2d 806, 811) held:
"Upon the motion to cancel the lis pendens under Section 120 of the Civil Practice Act, the court could not consider anything other than whether the complaint was sufficient to state a cause of action to impress a trust on the Westchester County property. The court on that motion could not, and did not, consider the merits or whether the plaintiff is proceeding in good faith or whether the plaintiff can ultimately be successful. Richard v. Chuba, 195 Misc. 732, 91 N.Y.S.2d 197 and cases cited therein.
"However, on the motion to bond the lis pendens under Section 124 of the Civil Practice Act, the court may consider the merits, the good faith of the plaintiff and the possibility of his being successful on the facts which are presented to the court.” (See also, Brandstetter v Kramer, 8 Misc 2d 718; Weisinger v Berfond, 19 Misc 2d 526; Oster v Bishop, 20 Misc 2d 446; Dimond v Jeanril Realty Corp., 217 NYS2d 767.)
Though not dealing with a motion to file an undertaking for cancellation of a notice of pendency, the Court of Appeals in 5303 Realty (supra, at p 323) noted the "impact on alienability has * * * been diminished by authorizing the court to require an undertaking”. CPLR 6515 provides for either side doing *520 so. This court finds nothing in 5303 Realty (supra) precludes it from applying the law as it existed under Civil Practice Act § 124 to CPLR 6515. Thus, the answer to the question posed by this court at the outset is in the affirmative. This court may view the likelihood of success on the merits when considering a motion to file an undertaking for cancellation of a notice of pendency.
"Ordinarily, the signer of a written instrument is conclusively bound by its terms” (Newmark & Lewis v Olim Realty Corp., 109 AD 2d 737, citing Pimpinello v Swift & Co., 253 NY 159). General Obligations Law § 5-703 (2) requires: "A contract for the leasing for a longer period than one year, or for the sale, of any real property, or an interest therein, is void unless the contract or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged, or by his lawful agent thereunto authorized by writing.” Paragraph "36” of the lease in question provides: "It is expressly agreed that this agreement constitutes the only contract between the parties for the letting of the above mentioned premises, and that there are no warranties or representations of any other agreements, written or oral, made either prior to or contemporaneous with or collateral to this document. It is further expressly agreed that this Lease cannot be altered or modified, except in writing, signed by an executive officer of the Lessor, with the seal of the Lessor thereto attached.” Based on the foregoing, the success of Pix enforcing the alleged oral agreement seems highly unlikely under the law.
Also, this court can give little credence to an alleged agreement made in the summer of 1984 when it is presented with a written agreement of August 9, 1984 made during that very summer. The complaint does not set forth the time when, the place where, the person with whom nor the terms of any such agreement. While those facts may not be required in a complaint, they should have been set forth with particularity in the papers opposing this application to file an undertaking.
Pix’s claim defies belief. The court finds that the August 9, 1984 letter again memorialized a 20-year-old cancellation clause. Pix, however, asks this court to believe during the waning days of that summer, an oral agreement to cancel this clause was made superseding the writing. Yet, Pix did not make its investment, via alterations, until 1985. If Pix was truly concerned about protecting its investment during the *521 many intervening months, a new agreement in writing could have been negotiated and finalized.
A cancellation clause in a lease for older structures on a main thoroughfare in New York City is not uncommon at this time. Many stores are rented on that basis. A prudent landowner does not encumber his property by failing to include such a clause. Yet, Pix asks this court to believe Loew’s would do so in this case. A long-term lease diminishes the value of the fee.
In sum, the court will not allow Fix’s nebulous claim to further impede Loew’s completing the transaction to sell its property.
Fix’s complaint seeks relief in the disjunctive. In any event, its claim for damages could be served by the court’s directing the filing of an undertaking in the sum of $250,000 as a condition for vacating the notice of pendency.
Defendants’ motion is granted. Settle order on notice providing for the filing of an undertaking in the amount of $250,000.

 The clause of the lease dealing with the "90 day” cancellation notice.