■ In the Matter of WESTCHESTER COUNTY DEPARTMENT OF

Social Services, on Behalf of Ashanti R., a Child Alleged to be Abused and Neglected, Respondent, v Felicia R., Appellant. [628 NYS2d 133] —In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of (1) a fact-finding order of the Family Court, Westchester County (Bellantoni, J.), dated February 24, 1993, as made findings of abuse and neglect against her, and (2) an order of disposition of the same court, dated April 7, 1993, as placed the child in the care and custody of the Westchester County Department of Social Services for one year.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the order of disposition; and it is further,

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

The evidence that the child, Ashanti, has suffered severe and permanently disabling injuries consistent with "shaken baby syndrome" constituted prima facie proof of child abuse and neglect (see, Family Ct Act § 1012 [e] [i]; [f] [i] [B]; § 1046 [a] [ii]). Contrary to the contentions of the appellant mother, the evidence she presented did not rebut this statutory presumption (see, Matter of Philip M., 82 NY2d 238, 244).

Although the appellant contends that the court should have exonerated her of any culpability and concluded that Michael R., who was alone with Ashanti for part of the day, was responsible for her injuries, the appellant never implicated Michael R. at the fact-finding hearing or otherwise testified that he was the one who had injured Ashanti. Nor is there any merit to the appellant's contention that absent direct evidence that she was the one who shook Ashanti and inflicted her injuries, a finding of abuse cannot be made against her (see, Matter of Dawn D., 204 AD2d 634). Accordingly, the Family Court's adjudication of Ashanti to be an abused and neglected child was proper.

The Family Court did not improvidently exercise its discretion in denying the appellant's counsel an adjournment so that he could recall the doctors who testified on the first day of the hearing, as well as subpoena as additional medical witnesses the doctors who had examined the child in the week before her admission to the hospital (see, Family Ct Act § 1048 [a]). The court properly found that counsel had not shown how recalling the two doctors would add anything that was material or otherwise crucial to the case and that there had been

ample opportunity for counsel to subpoena the additional witnesses when the involvement of these doctors and the fact of their having examined Ashanti in the week before she was admitted to the hospital was known to him long before the adjournment was requested *(see, Matter of Justin D.,* 143 AD2d 346, 347; *cf., Matter of Patricia L. v Steven L.,* 119 AD2d 221, 226; *Matter of Tanya G.,* 79 AD2d 881).

The appellant's remaining contention is without merit. Rosenblatt, J. P., Miller, Ritter and Krausman, JJ., concur.