■ LOUIS BUONINFANTE et al., Appellants, v LEGACY DEVELOPMENT USA CORP. et al., Respondents. [761 NYS2d 864] —In an action, inter alia, to recover damages for breach of contract and for specific performance of a contract for the sale of real property, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Dunn, J.), entered June 24, 2002, which, after a nonjury trial, dismissed the complaint, and is in favor of the defendants and against them in the principal sum of $76,500 on the defendants' counterclaim to retain the contract deposit as liquidated damages upon the plaintiffs' breach of the contract, and the defendants' counterclaim alleging trespass.

Ordered that the judgment is affirmed, with costs.

The determination of a trial court after a nonjury trial should not be disturbed on appeal unless it is not supported by legally sufficient evidence or could not have been reached by any fair interpretation of the evidence (*see A & S Trucking Serv. v New York State Thruway Auth.*, 268 AD2d 493 [2000]). The evidence in this case was legally sufficient for the trial court to conclude that the plaintiffs failed to substantially perform their contractual obligations, or were not ready, willing and able to satisfy those obligations not yet performed (*see Johnson v Phelan*, 281 AD2d 394, 395 [2001]). Accordingly, the Supreme Court properly dismissed the complaint. In addition, the defendants were entitled to retain the contract deposit as liquidated damages under the contract for the plaintiffs' breach in refusing to close (*see Cooper v Bosse*, 85 AD2d 616, 618 [1981]). The defendants were also properly awarded damages for trespass based upon the rental value of the property (*see Litwin v Town of Huntington*, 248 AD2d 361 [1998]).

The plaintiffs' remaining contentions are without merit. Santucci, J.P., Florio, Schmidt and Adams, JJ., concur.