■ GERMAN DEL POZO, Appellant, v IMPRESSIVE HOMES, INC., Respondent. [814 NYS2d 734]—

In an action for specific performance of a contract for the sale of real property or, alternatively, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated November 15, 2004, which denied his motion for summary judgment on his cause of action for specific performance.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff purchaser's contentions, the Supreme Court properly denied his motion for summary judgment on his claim for specific performance. Even where a seller improperly cancels a contract for the sale of real property, the purchaser has the burden of demonstrating that he possessed the financial ability to complete the purchase in order to obtain the remedy of specific performance (*see Madison Equities, LLC v MZ Mgt. Corp.,* 17 AD3d 639, 640 [2005]; *Johnson v Phelan,* 281 AD2d 394, 395 [2001]; *Petrelli Assoc. v Germano,* 268 AD2d 513 [2000]). While the plaintiff did produce some evidence regarding his financial status and the defendant's possible waiver of compliance with the mortgage contingency clause, that evidence merely raised questions regarding his ability to complete the transaction and was insufficient to demonstrate prima facie entitlement to summary judgment on his claim for specific performance (*see generally Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). Crane, J.P., Mastro, Skelos and Lifson, JJ., concur.