■ GERMAN DEL POZO, Appellant, v IMPRESSIVE HOMES, INC., Respondent. [815 NYS2d 200]—

In an action for specific performance of a contract for the sale of real property or, alternatively, to recover damages for breach of contract, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Polizzi, J.), dated July 13, 2005, as granted that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1) is denied, and the complaint is reinstated.

The plaintiff, Patricia Del Pozo (hereinafter the buyer), entered into a contract of sale to purchase real property from the defendant, Impressive Homes, Inc. (hereinafter the seller). Under the terms of the contract, the buyer was to obtain a mortgage commitment within a certain period of time, and the seller was to construct a three-family home on the property. However, the buyer failed to obtain the commitment and the seller never commenced construction. Subsequently, the seller returned the buyer's down payment and informed her that it was cancelling the contract. Thereafter the buyer commenced this action seeking specific performance of the contract. The seller then moved to dismiss the complaint pursuant to, inter alia, CPLR 3211 (a) (1) ("defense is founded upon documentary evidence"). The Supreme Court decided that "the terms of the [contract's] mortgage contingency clause were unambiguous, they were for the benefit of both the seller and the purchaser, and defendant properly executed [*sic*] its right to cancel the contract."

Even assuming that the mortgage contingency clause was unambiguous (*see e.g. Ting v Dean,* 156 AD2d 358 [1989]), in order for a complaint to be dismissed pursuant to CPLR 3211 (a) (1), the evidence submitted must "resolve[ ] all factual issues as a matter of law, and conclusively dispose of the plaintiff's claim" (*Berger v Temple Beth-El of Great Neck,* 303 AD2d 346, 347 [2003]; *see also Allstate Ins. Co. v Raguzin,* 12 AD3d 468 [2004]; *Tougher Indus. v Northern Westchester Joint Water Works,* 304 AD2d 822 [2003]). Here there are factual issues which remain (*see Del Pozo v Impressive Homes, Inc.,* 29 AD3d 620 [2006] [decided herewith]), and thus dismissal on a "documentary evidence" basis was unwarranted (*see generally Kistela v Ahlers,* 22 AD3d 641 [2005]; *Poquott Dev. Corp. v Johnson,* 104 AD2d 442 [1984]). Crane, J.P., Mastro, Skelos and Lifson, JJ., concur.