■ MATTHEW A. TEDONE, Respondent, v SUCCESS HOMES, INC., Respondent, and LIUBEN CONOV et al., Appellants. [819 NYS2d 544]—

In an action, inter alia, for a determination as to the rights of

the parties with respect to a down payment on the sale of real property, the defendants Liuben Conov and Vera Conov appeal from an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), dated April 15, 2005, which granted the motion of the defendant Success Homes, Inc., for summary judgment and directed the plaintiff to release the down payment to that defendant.

Ordered that the order is affirmed, with one bill of costs.

The defendant Success Homes, Inc. (hereinafter Success), entered into a contract with the defendants Liuben Conov and Vera Conov (hereinafter collectively the Conovs), pursuant to which Success agreed to sell to the Conovs a parcel of real property and construct a house thereon. After the Conovs cancelled the contract due to an alleged material defect, i.e., a crack in the foundation of the house, both Success and the Conovs made claims to the $80,000 down payment with respect to the subject property. The plaintiff, the attorney for Success in the real estate transaction who held the down payment in escrow, commenced this action to determine which party was entitled to the down payment. After Success moved and the Conovs cross-moved for summary judgment, the Supreme Court granted Success's motion and directed the plaintiff to release the funds to it. We affirm.

Success made a prima facie showing of its entitlement to summary judgment (*see Buoninfante v Legacy Dev. USA Corp.,* 306 AD2d 511 [2003]). In response, the Conovs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). The affidavit of the Conovs' expert, who failed to visit the site or inspect the crack in the foundation before or after the remediation of the foundation by Success, was general, speculative, conclusory, and without factual basis. Thus, it was insufficient to raise a triable issue of fact (*see Pirie v Krasinski,* 18 AD3d 848 [2005]). Accordingly, the Supreme Court properly granted Success's motion. Florio, J.P., Skelos, Fisher and Dillon, JJ., concur.