■ HIMZO DJUKANOVIC, Appellant, v SALVATORE D'AMICO et al., Respondents. [833 NYS2d 401]—

In an action for specific performance of a contract for the sale of real property, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Leviss, J.H.O.), entered March 21, 2006, which, upon an order of the same court dated May 16, 2005, granting the defendant's motion to dismiss the complaint for failure to prove a prima facie case, made after a nonjury trial, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

"A purchaser who seeks specific performance of a real estate contract must demonstrate that he or she was ready, willing, and able to perform the contract" (*Madison Equities, LLC v MZ Mgt. Corp.*, 17 AD3d 639, 640 [2005] [internal quotation marks omitted]). "Here, even assuming that the defendants improperly cancelled the contract, the plaintiff still bore the burden to show that [he] had the financial capacity to purchase the property" (*Internet Homes, Inc. v Vitulli*, 8 AD3d 438, 439 [2004]; *see Huntington Min. Holdings v Cottontail Plaza*, 60 NY2d 997 [1983]; *Aliperti v Laurel Links, Ltd.*, 27 AD3d 675 [2006]; *Madison Equities, LLC v MZ Mgt. Corp., supra*; *Petrelli Assoc. v Germano*, 268 AD2d 513 [2000]; *3M Holding Corp. v Wagner*, 166 AD2d 580 [1990]). At trial, the plaintiff did not produce a mortgage application or commitment, or any other proof confirming that he had obtained the necessary financing. Thus,

the Supreme Court properly dismissed the complaint on the ground that the plaintiff failed to meet his prima facie burden (*see Contro v White*, 176 AD2d 1052 [1991]; *3M Holding Corp. v Wagner, supra*).

In light of our determination, the remaining contentions have been rendered academic. Spolzino, J.P., Krausman, Skelos and Dickerson, JJ., concur.