■ Sau Ting Cheng, Appellant, v Prime Design Realty, Inc., Respondent, et al., Defendant. [843 NYS2d 374]—

In an action to recover damages for breach of contract, and for specific performance of a contract for the sale of real property, the plaintiff appeals from (1) a judgment of the Supreme Court, Queens County (Weiss, J.), entered July 24, 2006, which, upon an order of the same court (Polizzi, J.), dated January 25, 2006, inter alia, denying those branches of her motion which were to strike the answer of the defendant Prime Design Realty, Inc., pursuant to CPLR 3216 and, in effect, for leave to renew that branch of her prior cross motion which was for summary judgment on the complaint which had been determined in an order dated October 8, 2004, after a nonjury trial, upon the granting of the motion of the defendant Prime Design Realty, Inc., pursuant to CPLR 4401 for judgment as a matter of law made at the close of the plaintiff's case, and upon an order of the same court (Weiss, J.) entered May 31, 2006, denying the plaintiff's motion, in effect, for leave to reargue the motion of the defendant Prime Design Realty, Inc., pursuant to CPLR 4401, is in favor of the defendant Prime Design Realty, Inc., and against her dismissing the complaint insofar as asserted against it, and (2) an order of the same court dated October 30, 2006.

Ordered that the appeal from the order dated October 30, 2006 is dismissed as abandoned (*see* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The Supreme Court providently exercised its discretion in declining to strike the answer of the defendant Prime Design Realty, Inc., in light of its ultimate compliance with court-ordered discovery, and because its conduct was not willful and contumacious (*see* CPLR 3126; *Resnick v Schwarzkopf*, 41 AD3d 573 [2007]; *Lawrence v City of New York*, 252 AD2d 482 [1998]).

Even if there was "significant discovery outstanding" so as to constitute good cause for the plaintiff's delay in seeking, in effect, leave to renew that branch of her cross motion which was for summary judgment on the complaint (*see Tower Ins. Co. of N.Y. v Razy Assoc.*, 37 AD3d 702 [2007]; *Sclafani v Washington Mut.*, 36 AD3d 682 [2007]; *Czernicki v Lawniczak*, 25 AD3d 581 [2006]; *Herrera v Felice Realty Corp.*, 22 AD3d 723 [2005]), the plaintiff failed to make a prima facie showing of entitlement to judgment as a matter of law by offering sufficient evidence to remove from consideration any triable issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Huntington Min. Holdings v Cottontail Plaza*, 96 AD2d 526 [1983], *affd* 60 NY2d 997 [1983]; *Chernow v Chernow*, 39 AD3d 684, 686 [2007]; *Del Pozo v Impressive Homes, Inc.*, 29 AD3d 620 [2006]; *Madison Equities, LLC v MZ Mgt. Corp.*, 17 AD3d 639, 640 [2005]; *Internet Homes, Inc. v Vitulli*, 8 AD3d 438 [2004]; *Madison Invs. v Cohoes Assoc.*, 176 AD2d 1021, 1022 [1991]).

The trial court properly granted the motion of the defendant Prime Design Realty, Inc. (hereinafter Prime Design), pursuant to CPLR 4401 for judgment as a matter of law made at the close of the plaintiff's case, and properly dismissed the complaint. The plaintiff failed to meet her prima facie burden on her cause of action for specific performance of a contract for the sale of real property because she failed to show that she was financially able to buy the real property in question even as of the date of trial (*see Djukanovic v D'Amico*, 40 AD3d 576 [2007]; *3M Holding Corp. v Wagner*, 166 AD2d 580, 581-582 [1990]; *Zev v Merman*, 134 AD2d 555, 557 [1987]; *see also Stojowski v D'Sa*, 28 AD3d 645 [2006]; *Buoninfante v Legacy Dev. USA Corp.*, 306 AD2d 511 [2003]).

The trial court providently exercised its discretion in denying the plaintiff's request for an adjournment of the trial (*see Colon v Bailey*, 26 AD3d 454, 455 [2006]; *Telford v Laro Maintenance Corp.*, 288 AD2d 302, 303 [2001]; *Zavurov v City of New York*, 241 AD2d 491, 493 [1997]; *see also Matter of Paulino v Camacho*, 36 AD3d 821, 822 [2007]; *Matter of Westchester County Dept. of Social Servs. v Felicia R.*, 215 AD2d 671, 672-673 [1995]).

The plaintiff's remaining contentions are either without merit

or not properly before us. Prudenti, P.J., Santucci, Fisher and Angiolillo, JJ., concur.