■ MICHAEL GINDI, Respondent-Appellant, v INTERTRADE INTERNATIONALE LTD., Appellant-Respondent, et al., Defendant. [856 NYS2d 104]—

Order and judgment (one paper), Supreme Court, New York County (Bernard J. Fried, J.), entered July 31, 2006, which, to the extent appealed from, dismissed the complaint as against defendant Intertrade Internationale, denied that portion of Intertrade's motion to retain plaintiff's down payment as liquidated damages, and denied plaintiff's cross motion for specific performance, unanimously affirmed, without costs.

Intertrade failed to demonstrate that it could deliver insurable title at the time fixed for closing, particularly with respect to a building encroachment. Summary judgment was thus properly denied on its counterclaim for a declaration of entitlement to retain plaintiff's down payment as liquidated damages (*see Gargano v Rubin*, 200 AD2d 554 [1994]).

Plaintiff, on the other hand, in order to establish that he is entitled to summary judgment on his claim for specific performance, must demonstrate that he was ready, willing and able to perform pursuant to the contract of sale on the original law day or, if time was not of the essence, on a subsequent date fixed by the parties or within a reasonable time thereafter (*Paglia v Pisanello*, 15 AD3d 373 [2005]; *Nuzzi Family Ltd. Liab. Co. v Nature Conservancy*, 304 AD2d 631 [2003]), and, in accordance therewith, must show that he possessed the financial ability to complete the purchase (*Del Pozo v Impressive Homes, Inc.*, 29

AD3d 620 [2006]; *Madison Equities, LLC v MZ Mgt. Corp.*, 17 AD3d 639, 640 [2005], *lv dismissed* 5 NY3d 849 [2005]).

We disagree with the motion court that plaintiff made no showing that he was financially capable of performing on the closing date. Indeed, plaintiff submitted documentation that the $1,500,000 due at closing was available to him, and there is no evidence that he was not prepared to execute the 90-day purchase money mortgage at closing. To the extent that plaintiff did not demonstrate that he had the financial wherewithal to satisfy the $6,500,000 debt when the note became due 90 days later, such showing, in our view, is unnecessary.

It is also settled, however, that "[w]hen a contract for the sale of real property contains a clause specifically setting forth the remedies available to the buyer if the seller is unable to satisfy a stated condition, fundamental rules of contract construction and enforcement require that we limit the buyer to the remedies for which it provided in the sale contract" (*Mehlman v 592-600 Union Ave. Corp.*, 46 AD3d 338, 343 [2007], quoting *101123 LLC v Solis Realty LLC*, 23 AD3d 107, 108 [2005]).

In the matter at bar, paragraph 3 of the rider to the contract of sale provides, in pertinent part, that: "if for any reason, *except for seller's willful default*, the seller shall be unable to convey good and marketable title, subject to and in accordance with this Contract, then the sole obligation of the seller shall be to refund to the purchaser the deposit made hereunder and to reimburse the purchase[r] for the 'net cost of title examination' " (emphasis added). Since there is no evidence of a willful default on the part of defendant, we find that plaintiff is not entitled to specific performance of the contract of sale, and that his remedies are limited to those provided in the contract as set forth above. Concur—Andrias, J.P., Nardelli, Williams, Catterson and Moskowitz, JJ. [*See* 12 Misc 3d 1182(A), 2006 NY Slip Op 51380(U).]