■ MERITT DIAMOND et al., Appellants, v WILLIAM SCUDDER, Respondent. [892 NYS2d 883]—In an action, inter alia, for specific performance of an option to purchase real property, the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Rosen, Ct. Atty. Ref.), entered October 17, 2008, as, after a nonjury trial, is in favor of the defendant and against them, declaring that the option contract is invalid and dismissing the cause of action for specific performance.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses (*see Northern Westchester*

*Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499 [1983]; *Stevens v State of New York,* 47 AD3d 624, 625 [2008]). We decline to disturb the Supreme Court's determination that the plaintiffs were not entitled to specific performance, as the trial evidence failed to establish the existence of an option contract, or that the plaintiffs were ready, willing, and able to purchase the property pursuant to the terms of the option contract, if it existed (*see Huntington Min. Holdings v Cottontail Plaza,* 60 NY2d 997, 998 [1983]; *Djukanovic v D'Amico,* 40 AD3d 576 [2007]; *Stojowski v D'Sa,* 28 AD3d 645 [2006]; *Johnson v Phelan,* 281 AD2d 394, 395 [2001]; *3M Holding Corp. v Wagner,* 166 AD2d 580, 581-582 [1990]). Covello, J.P., Angiolillo, Balkin and Sgroi, JJ., concur.