■ MICHAEL EIVERS et al., Appellants, v DREAMWORKS CONSTRUCTION, INC., Respondent. [899 NYS2d 889]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Palmieri, J.), entered December 1, 2008, as, after a nonjury trial, is in favor of the defendant and against them dismissing the second cause of action alleging breach of contract and awarding the defendant the principal sum of $131,500 on the first and second counterclaims.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses" (*Diamond v Scudder*, 70 AD3d 626, 626 [2010]). We decline to disturb the Supreme Court's determination that the plaintiffs were not entitled to a return of the down payments they made pursuant to a contract for the sale of real property, as the trial evidence did not establish the existence of an option contract, but instead established that time was of the essence in connection with the parties' performance of the contract of sale, and that the plaintiffs failed to appear at the closing despite having been informed that it was scheduled (*see* General Obligations Law § 5-703 [2]; *Kaplan v Lippman*, 75 NY2d 320, 324-325 [1990]; *Diamond v Scudder*, 70 AD3d at 626; *Lelekakis v Kamamis*, 41 AD3d 662, 665 [2007]). Rivera, J.P., Fisher, Florio and Austin, JJ., concur.