■ SPARKS ASSOCIATES, LLC, Respondent, v NORTH HILLS HOLDING COMPANY II, LLC, Appellant. [904 NYS2d 157]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Lally, J.), entered August 19, 2009, which denied its motion pursuant to CPLR 6515 to cancel the notice of pendency filed by the plaintiff against the subject property upon its filing of an undertaking, and (2) an order of the same court entered December 1, 2009, which denied its motion pursuant to CPLR 3126 to strike the fifth cause of action or preclude the plaintiff from adducing

certain evidence at trial, or pursuant to CPLR 3124 to compel production of certain documents.

Ordered that the order entered August 19, 2009, is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the defendant's motion to cancel the notice of pendency filed by the plaintiff against the subject property upon its filing of an undertaking is granted upon the condition that the defendant file with the Clerk of the Supreme Court, Nassau County, an undertaking with a corporate surety pursuant to CPLR 6515 (1), and the matter is remitted to the Supreme Court, Nassau County, to set the amount of the undertaking; and it is further,

Ordered that the order entered December 1, 2009, is affirmed, without costs or disbursements.

The Supreme Court providently exercised its discretion in denying the defendant's motion pursuant to CPLR 3126 to strike the fifth cause of action or preclude the plaintiff from adducing certain evidence at trial, or pursuant to CPLR 3124 to compel production of certain evidence (*see Napoli v Crovello*, 49 AD3d 699 [2008]; *Nieves v City of New York*, 35 AD3d 557 [2006]). The documents sought by the defendant either were already produced or were represented by the plaintiff not to exist. While the defendant contends that the financial documentation produced by the plaintiff does not establish its financial ability to purchase the property, a necessary element of a cause of action for specific performance (*see Huntington Min. Holdings v Cottontail Plaza*, 60 NY2d 997 [1983]; *Internet Homes, Inc. v Vitulli*, 8 AD3d 438 [2004]), such argument goes to a failure of proof, not a willful failure to disclose (*see Sau Ting Cheng v Prime Design Realty, Inc.*, 44 AD3d 644 [2007]; *Djukanovic v D'Amico*, 40 AD3d 576 [2007]; *Internet Homes, Inc. v Vitulli*, 8 AD3d 438 [2004]; *Ferrone v Tupper*, 304 AD2d 524 [2003]; *cf.* CPLR 3126).

However, the Supreme Court improvidently exercised its discretion in denying the defendant's motion to cancel the notice of pendency upon its filing of an undertaking (*see* CPLR 6515; *Peterson v Kelly*, 173 AD2d 688 [1991]). The plaintiff does not have a strong likelihood of success on the merits of its cause of action for specific performance (*see Pix Furniture v Loew's Theatres & Realty Corp.*, 131 Misc 2d 517 [1986], *affd* 129 AD2d 1018 [1987]; *see also Internet Homes, Inc. v Vitulli*, 8 AD3d 438 [2004]). Further, the plaintiff contracted to purchase the property for investment and resale prior to closing, and thus its true interest in the property is in expected profits (*see Weksler v Yaffe*, 129 Misc 2d 633, 637 [1985]). Accordingly, the plaintiff's

interests would be adequately protected by the posting of an undertaking with a corporate surety. Under the circumstances of this case, we decline to permit the plaintiff to retain the notice of pendency upon its posting of an undertaking (cf. CPLR 6515 [2]; *Andesco, Inc. v Page*, 137 AD2d 349, 357 [1988]; *Ansonia Realty Co. v Ansonia Assoc.*, 117 AD2d 527 [1986]). Dillon, J.P., Balkin, Eng and Chambers, JJ., concur.