■ H EIGHTH AVENUE ASSOCIATES, LLC, Respondent-Appellant, v STESSA CORP., Appellant-Respondent. [938 NYS2d 560]—

Plaintiff seller could not have cured the notice of pendency problem by the latest of the closing dates selected through no fault of its own, and properly demanded that defendant purchaser elect its remedies pursuant to the limitation of remedies provision in their contract of sale (see *Mehlman v 592-600 Union Ave. Corp.*, 46 AD3d 338, 342-343 [2007]; *Meisels v 1295 Union Equities Corp.*, 306 AD2d 144, 145 [2003]). The seller properly terminated the contract in light of the purchaser's failure to make the election and demonstrate its financial ability to close (see *Gindi v Intertrade Internationale Ltd.*, 50 AD3d 575 [2008]). In view of the purchaser's counsel's actual knowledge of certain pending litigation, the seller's inaccurate representation that no litigation was pending could not benefit the purchaser (see *Sisler v Security Pac. Bus. Credit*, 201 AD2d 216, 221-224 [1994], *lv dismissed* 84 NY2d 978 [1994]).

We have considered the parties' other contentions and find them unavailing. Concur—Tom, J.P., Friedman, Sweeny, Moskowitz and DeGrasse, JJ. **[Prior Case History: 2011 NY Slip Op 32926(U).]**