Judgment, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered February 14, 2013, dismissing the complaint and directing that the notice of pendency be cancelled, unanimously modified, on the law, to reinstate the claims for the return of both the escrowed and the released portions of the down payment, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered January 8, 2013, which granted defendant’s motion for summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff is not entitled to specific performance of its contract to purchase real estate, because it was unable to demonstrate that it was ready, willing and able to fulfill its contractual obligations at closing (Gindi v Intertrade Internationale Ltd., 50 AD3d 575 [1st Dept 2008]). Plaintiff acknowledged at the closing that it did not have the balance of the purchase price in its possession at closing, and submitted no evidence of its financial ability *510 to pay the balance of the purchase price. The motion court correctly determined that although issues of fact exist as to defendant seller’s ability to satisfy its contractual obligations, i.e., to remediate an oil spill prior to closing and to provide sufficient documentation with respect to the property, there is no evidence that defendant frustrated plaintiff’s ability to satisfy its own contractual obligations (see ADC Orange, Inc. v Coyote Acres, Inc., 7 NY3d 484, 490 [2006]).
Plaintiffs inability to demonstrate that it was ready, willing and able to fulfill its contractual obligations at closing also precludes it from recovering money damages (see Pesa v Yoma Dev. Group, Inc., 18 NY3d 527, 531-532 [2012]). Thus, the claim for $15,000 that defendant allegedly promised to pay plaintiff in the event the parties did not close was correctly dismissed.
However, plaintiff’s claims for the return of its down payment, i.e., the portion that is currently in escrow and the portion that was released to defendant pursuant to the parties’ September 14, 2011 “Amendment of Contract,” should not have been dismissed. Since the contract of sale conditions defendant’s right to retain the down payment in the event of plaintiffs default of its obligations upon defendant’s being ready, willing and able to close, and, as indicated, an issue of fact exists as to defendant’s ability to satisfy that condition, the record fails to demonstrate conclusively that plaintiff is not entitled to the return of its down payment (see Gindi, 50 AD3d at 576). The claim for recovery of the portion in escrow is a claim for the return of the down payment, not a claim for money damages. However, an issue of fact exists whether the claim for the portion that was released to defendant is a claim for the return of the down payment or for money damages. The Amendment of Contract merely states, “$150,000 to be released this Date from Downpayment to Seller or its designee and Purchaser authorizes such release and payment.” It cannot be determined on this record whether the release was unconditional or was conditioned on an event that occurred (such as adjourning the closing date) or an event that may not have occurred (such as defendant’s remediation of the oil spill).
The cause of action for specific performance — the only cause of action asserted that could affect title to real property — having correctly been dismissed, the notice of pendency was correctly cancelled (CPLR 6514 [a]; Jericho Group Ltd. v Midtown Dev., L.P., 67 AD3d 431, 432 [1st Dept 2009], lv denied 14 NY3d 712 [2010]). Concur — Friedman, J.P., Moskowitz, Richter, Manzanet-Daniels and Gische, JJ.