Matter of Michael S. (Brittany R.) (2018 NY Slip Op 01846)





Matter of Michael S. (Brittany R.)


2018 NY Slip Op 01846


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND WINSLOW, JJ.


1546 CAF 16-00298

[*1]IN THE MATTER OF MICHAEL S. ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; BRITTANY R., RESPONDENT-APPELLANT. 






D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF COUNSEL), FOR RESPONDENT-APPELLANT.
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (CATHERINE Z. GILMORE OF COUNSEL), FOR PETITIONER-RESPONDENT. 
SUSAN B. MARRIS, MANLIUS, ATTORNEY FOR THE CHILD.


 Appeal from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered December 17, 2015 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent had neglected the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from an order that, among other things, adjudged that she neglected the subject child. We reject the contention of the mother, who did not appear at the fact-finding hearing, that Family Court abused its discretion in denying her attorney's request for a mid-hearing adjournment. Here, the evidence adduced by petitioner, including medical records, established that the mother and her boyfriend brought the child to the hospital with significant bruising on the left side of his face, a dark bruise on his right cheek, a missing upper left tooth, and lacerations and bruising on his lips. Among other things, the medical records also established that the evaluating physicians determined that the child's injuries, which included bruising at different stages of healing, were the result of non-accidental trauma and were not consistent with the mother's explanation that such injuries resulted from the child's sleep disturbances. With respect to the mother's contention that the court erred in denying her attorney's request to adjourn the hearing to obtain an unidentified medical witness to support her explanation of the child's injuries, "the mother's attorney failed to demonstrate that the need for the adjournment to subpoena [a] witness was not based on a lack of due diligence on the part of the mother or her attorney" (Matter of Sophia M.G.-K. [Tracy G.-K.], 84 AD3d 1746, 1747 [4th Dept 2011]; see Matter of Steven B., 6 NY3d 888, 889 [2006]; Matter of Latonia W. [Anthony W.], 144 AD3d 1692, 1693 [4th Dept 2016], lv denied 28 NY3d 914 [2017]). Moreover, in light of the evaluating physicians' rejection of the mother's explanation and a follow-up medical record indicating that the child exhibited no new injuries while in foster care despite his continuing sleep disturbances at that time, the mother's unsubstantiated speculation that her attorney would have been able to obtain some unidentified medical witness to rebut petitioner's evidence is insufficient to constitute good cause for an adjournment (see § 1048 [a]; see generally Matter of Evelyn R. [Franklin R.], 117 AD3d 957, 957-958 [2d Dept 2014]; Matter of Westchester County Dept. of Social Servs. v Felicia R., 215 AD2d 671, 672-673 [2d Dept 1995], lv denied 86 NY2d 708 [1995]).
Contrary to the mother's further contention, we conclude upon our review of the record [*2]that petitioner established by a preponderance of the evidence that the mother knew or should have known that the child either was being beaten by her boyfriend or was in imminent danger of such harm (see Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]; Matter of Eddie E., 219 AD2d 719, 719-720 [2d Dept 1995]). The mother's failure to protect the child from that harm supports the court's finding of neglect against her (see Eddie E., 219 AD2d at 719-720).
Finally, contrary to the mother's contention, " the record establishes that, viewed in the totality of the proceedings, [the mother] received meaningful representation' " (Matter of Bentleigh O. [Jacqueline O.], 125 AD3d 1402, 1404 [4th Dept 2015], lv denied 25 NY3d 907 [2015]). The mother's contention that she was denied meaningful representation by her attorney's failure to retain and call a medical witness in a timely manner to rebut the evidence establishing the cause of the child's injuries "is impermissibly based on speculation, i.e., that favorable evidence could and should have been offered on [her] behalf' " (Matter of Amodea D. [Jason D.], 112 AD3d 1367, 1368 [4th Dept 2013]). In particular, the mother failed to "demonstrate[] that there were relevant experts who would have been willing to testify in a manner helpful [and favorable] to [her] case[]' . . . , and her speculation that [her attorney] could have found an expert with a contrary, exculpatory medical opinion is insufficient to establish deficient representation" (Matter of Julian P. [Colleen Q.], 129 AD3d 1222, 1224-1225 [3d Dept 2015]).
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court