U.S. Bank N.A. v Deblinger (2025 NY Slip Op 01126)

U.S. Bank N.A. v Deblinger

2025 NY Slip Op 01126

Decided on February 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2022-07209 
2022-07212
 (Index No. 516846/17)

[*1]U.S. Bank National Association, etc., respondent,
v
Israel Deblinger, etc., et al., defendants, Sara Stern, appellant.

Law Office of Samuel Katz, PLLC, Brooklyn, NY (Joseph J. Schwartz of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Harold L. Kofman of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Sara Stern appeals from two orders of the Supreme Court, Kings County (Larry D. Martin, J.), both dated August 1, 2022. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Sara Stern and for an order of reference. The second order, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the orders are reversed insofar as appealed from, on the law, with one bill of costs, and those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Sara Stern and for an order of reference are denied.
On August 31, 2005, the defendant Sara Stern (hereinafter the defendant) executed a note in favor of America's Wholesale Lender, which was secured by a mortgage on certain real property located in Brooklyn. On August 30, 2017, the plaintiff commenced this action to foreclose the mortgage against the defendant, among others. The complaint alleged that the defendant "failed to comply with the conditions of the note and mortgage by not making the payment that was due on December 1, 2011 and subsequent payments." The defendant interposed an answer to the complaint on August 8, 2018, in which she generally denied the allegations in the complaint and raised several affirmative defenses, including that the plaintiff failed to comply with RPAPL 1304.
On October 24, 2018, the plaintiff filed a supplemental summons and amended complaint. The amended complaint did not contain any new allegations against the defendant and again alleged that the defendant "failed to comply with the conditions of the note and mortgage by not making the payment that was due on December 1, 2011 and subsequent payments." On May 3, 2019, the plaintiff filed a second supplemental summons and amended complaint. Similarly, the second amended complaint made no new allegations against the defendant and again alleged that the defendant "failed to comply with the conditions of the note and mortgage by not making the payment that was due on December 1, 2011 and subsequent payments." The defendant did not interpose an [*2]answer to either of the amended complaints.
On August 6, 2019, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference, and the defendant opposed the motion. In an order dated August 1, 2022, the Supreme Court, among other things, granted those branches of plaintiff's motion. In another order dated August 1, 2022, the court, inter alia, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff. The defendant appeals.
The Supreme Court erred in granting those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference. On a motion pursuant to CPLR 3215 for leave to enter a default judgment, a plaintiff is required to submit proof of service of the summons and complaint, "proof of the facts constituting the claim," and proof of the defendant's default in answering or appearing (id. § 3215[f]; see Pemberton v Montoya, 216 AD3d 988, 989).
Here, the plaintiff failed to meet its burden of demonstrating that the defendant had defaulted in answering or appearing. CPLR 3025(d) states that, "[e]xcept where otherwise prescribed by law or order of the court, there shall be an answer or reply to an amended or supplemental pleading if an answer or reply is required to the pleading being amended or supplemented." "Generally, an amended complaint supersedes the original pleading, the defendant's original answer has no effect, and a new responsive pleading is substituted for the original answer. In contrast, a supplemental complaint does not supersede the original pleading and the answer which had already been served at the time the supplemental pleading was interposed remains in effect" (Stella v Stella, 92 AD2d 589, 589 [citations omitted]). Here, insofar as asserted against the defendant, the purported amended complaints merely repeated the same allegations against the defendant that were made in the original complaint and, thus, are properly characterized as supplemental complaints (see Lovisa Constr. Co. v Facilities Dev. Corp., 148 AD2d 913, 915; Gindi v Intertrade Intl. Ltd., 12 Misc 3d 1182[A], 2006 NY Slip Op 51380[U] [Sup Ct, NY County], affd 50 AD3d 575). As the defendant had already answered the allegations asserted, no further answer was required within the meaning of CPLR 3025(d). Thus, the defendant was not in default.
The parties' remaining contentions need not be reached in view of our determination.
BARROS, J.P., MILLER, FORD and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court